HANNAH BEVARD V. LINCOLN TRACTION COMPANY.

FILED NOVEMBER 11, 1905. No. 13,957.

1. **Carriers: LIABILITY FOR INJURIES.** In order to render a street rail-way company liable for injuries received by a person traveling upon one of its cars, the negligence of its servants, either alone or in concurrence with the negligence or wrongful act of other persons, must be the proximate cause of the injuries.

2. **The wrongful act of a stranger** is not sufficient to make it liable, unless it might reasonably have been foreseen and guarded against by the carrier.

ERROR to the district court for Lancaster county: LIN-COLN FROST, JUDGE. *Affirmed.*

*Frederick Shepherd,* for plaintiff in error.

*Clark & Allen, contra.*

LETTON, C.

This is an action for negligence against the defendant as a common carrier of passengers. The material allegations of the plaintiff's petition are that on the fourth of July, 1903, "the plaintiff was a passenger on the city-bound car over the last particularly described track, and, having paid her fare, was, without negligence or fault on her part, seated in a regular seat provided for passengers on the right hand side of said car; that at about the corner of F and Seventeenth streets, about as the car was round-ing a curve, there was an explosion under the same, caused by the wheel coming in contact with an explosive on the rail, whereby the trap in the floor of the car was forced up

and open at the side and close to the plaintiff, and flame and smoke came through from beneath with such suddenness and in such quantity as to terrify and bewilder plaintiff and benumb her faculties, and plaintiff wholly without negligence on her part, but involuntarily and unavoidably, started to her feet in the instinct of self-preservation, and by the motion of the car, and by reason of the said involuntary and unavoidable start, was instantly thrown to the pavement, striking on her head and left shoulder and sustaining painful and permanent injuries of the nature and extent hereinafter shown; that the day on which the said accident accurred was a national holiday, and that during all of said day, and all over the system of the defendant, its cars were constantly exploding torpedoes and other explosives placed on the rails for the purpose of making noise, and that the defendant knew this, and had notice of the danger to the plaintiff and to its other passengers at the time and place above mentioned; that the defendant provided no broom or sweep to said car so as to have removed any explosive matter from the rail; that the defendant failed to provide a floor to said car of sufficient strength and construction to prevent the said trap from flying up and open, and so endangering plaintiff in the manner described; that defendant did not provide any watchman or guards to prevent the explosive from being placed upon the rail, and that it did not provide any guard-rail or other means to keep plaintiff upon the car; and that in all of these respects defendant was negligent."

The defendant filed a general denial, and also pleaded contributory negligence on the part of the plaintiff. At the close of the testimony the defendant moved the court to direct a verdict in its favor, which was done, and the case dismissed.

The evidence shows that the plaintiff, who is a single woman, 49 years old, residing in the city of Lincoln, had gone to the suburb of Normal on the cars of the defendant company about 2 or 3 o'clock in the afternoon; that there were many explosions upon the rail, appar-

ently of torpedoes, as she went out; that she returned about 10 o'clock at night upon one of the cars of the defendant, taking the front seat on the right-hand side of the car, a little in front of the trucks. The car was an open one, with a guard rail on one side, the other side being left open for access and egress. On the way home, and at or near the curve at the corner of Seventeenth and F streets, the plaintiff testifies that a violent explosion took place upon the track, and smoke and flame came up around the seat, and around a trap-door which was situated just back of the plaintiff's seat, by which she was greatly frightened and alarmed. She testifies that she jumped to her feet, and the next thing she knew she was upon the pavement. There were several other passengers upon the car, who testified as to the violence of the explosion, and that it startled them, but no one except the plaintiff rose to his feet until after the car stopped. One of the passengers testified that the plaintiff rose to her feet, hesitated a moment, and then jumped off the car, and that the conductor called to her not to jump. The car stopped almost immediately, and the plaintiff was picked up and was taken to her home. It appears that during the day the company had been much annoyed in the business part of the city, about six or eight blocks from this point, by the placing of torpedoes or other explosives upon the track by boys and men, and that its manager had attempted to put a stop to this, by requesting individuals to desist, by appealing to the police for protection, and upon one line by fastening gunny sacks in front of the car wheels in such a manner as to brush the explosives off the rails. This, however, proved ineffectual, by reason of boys and men running up and cutting the sacks off while the motorman and conductor were engaged. The manager of the company testified that there were no explosions during the day upon the tracks on that part of the line where the accident occurred, while two residents of that locality testified that there were many small explosions during the afternoon near this point; one of these witnesses testify-

ing that there was a much louder explosion than any of the others late in the evening after he had gone to bed, sufficiently loud to awaken him, and cause him to get up and go to the window. There is no evidence of any explosion, either at this point or elsewhere, during the day of the volume of sound of this one, or causing smoke and flame within the car, such as this one caused.

The plaintiff bases her right to recover upon the general principle that a street railway company is a common carrier of passengers, and therefore bound to exercise extraordinary care, and the utmost skill, diligence and human foresight, and is liable for the slightest negligence. It is argued that the defendant, though knowing the likelihood of dynamite and explosives being placed upon the track, did nothing to protect the passengers; that it did not patrol the track, nor provide a sweep, nor fasten down the trap in the floor of the car, and that any one of these precautions would have prevented the injury to the plaintiff. The principles thus asserted as governing the liability of street railway companies to their passengers are undoubtedly the law in this state, and this is conceded by the defendant. If the defendant had, in the exercise of the greatest care, reasonable grounds to believe that violent explosions would occur, such as were liable to frighten its passengers to such a degree that, under the influence of a temporary loss of self-control thus caused, the operation of the car might cause them injury, it would be negligence upon the part of the company to omit to take all reasonable precautions to protect its passengers against the probability of such injury.

The carrier, however, is not an insurer against accidents, and, while it is liable for the concurrent negligence of its servants and third parties, or the negligence of its servants in combination with the torts of third parties which result in personal injuries to passengers, yet it is only liable when its servants have been guilty of negligence. The element of negligence on its part or on the part of its servants must exist. The wrongful act of a

third party alone is not sufficient to make it liable. If the fact that an explosion of the violence of that which frightened the plaintiff could reasonably have been foreseen by the carrier as one of the incidents liable to occur during her transportation, it would have been guilty of negligence in failing to protect her against liability to suffer any personal injuries of which it might be the proximate cause, but, so far as the evidence shows, such explosions as had occurred during the day, though annoying, were petty in their nature compared to this, and not such as might reasonably cause the carrier to anticipate one of such great violence. Even against such petty explosions, however, the evidence shows that the carrier had appealed for police protection, and that from the number of miles of track which it was operating it was impossible for it to procure men enough to patrol the same. The plaintiff asserts that the defendant, by the use of sweeps extending in front of each truck, might have removed explosives from the rail, but the evidence shows that it would take from two to three hours to equip each car with sweeps, and that in the summer time their use produced such a cloud of dust as to make it almost impossible to carry passengers. So far as the evidence shows, an explosion of the violence of the one complained of was unprecedented in the operation of the defendant's railway, and it had no reasonable grounds to anticipate the occurence of the same. The act was the wrongful act of third parties, over whom it had no control, and whose operations it could not reasonably foresee.

Under these circumstances, we can see no reason for holding the defendant liable for plaintiff's injuries, and recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.