## PETER KUPIEC *vs.* WARREN, BROOKFIELD AND SPENCER STREET RAILWAY COMPANY.

Worcester.    September 30, 1907. — November 26, 1907.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.    Street Railway.*

In an action against a street railway company for personal injuries from having been run over by a car of the defendant late at night while the plaintiff was regaining consciousness after having been struck in the head by two men and left lying unconscious by a fence three feet from the track of the defendant at the side of a country road, it appeared that the car was going at the rate of eight or ten miles an hour, that there was a street light on the other side of the road about thirty-six feet from the track and about sixty-eight feet from the place where the plaintiff was lying, that the car which ran over the plaintiff came around a curve at about three hundred feet from that place, that the plaintiff in regaining consciousness began to move when the car was about one hundred feet away from him and on opening his eyes saw it coming, that in starting to get up he put his finger and his foot on the track and they were run over before he could get them out of the way, that there was a light fog which made the rails damp and slippery and that the car was stopped within fifty feet of the place where it struck the plaintiff.    *Held,* that under the circumstances

the failure of the defendant's motorman to discover the prostrate form of the plaintiff in time to avoid running over him was not evidence of negligence, and that it was proper to order a verdict for the defendant.

TORT for personal injuries, resulting in the amputation of a leg and a finger, from being run over by a car of the defendant on the night of October 28, 1905, at about ten minutes before eleven o'clock while the plaintiff was regaining consciousness after having been pushed and struck in the head by two men and left lying unconscious by the side of the road between East Brookfield and West Warren. Writ dated May 17, 1906.

At the trial in the Superior Court *Gaskill,* J., at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot & F. P. Squier,* for the plaintiff.

*C. H. Sibley,* for the defendant.

RUGG, J. This is an action of tort, in which the plaintiff seeks damages for an injury received by him by being run into by a car of the defendant. The plaintiff testified, in substance, that he started from the village of West Warren at ten o'clock in the evening to walk to his boarding house, which was about fifteen minutes' walk; that after having walked about five minutes he was pushed and struck by two men, and afterward became unconscious; that the next thing he remembered was thinking to get up and hearing the noise of the car, and when he opened his eyes he saw the car coming. It was then about one hundred feet away from him, and not more than fifteen seconds elapsed before he was struck. He did not get out of the way because he could not help himself, and the car was running too fast; that he was trying to get up, started with his right hand to get up, and just as soon as he tried to get up his finger was caught and his foot was caught by the car; that it was three hundred feet from where he was lying to a curve in the track. When he recovered consciousness, and before the car struck him, he was lying between the fence and the rail nearest the fence, about three feet from the rail; that when he was trying to get up he held his finger on the rail, and his right leg was over it. There was other evidence tending to show that there was a street light on the other side of the road distant

from the street railway track thirty-six feet and six inches to the inner rail, and sixty-seven feet and eight inches from the place where the plaintiff was injured; that the car was going eight or ten miles an hour; that there was a light fog, which made the rails damp and slippery; that the brakes were working, and the car was stopped about fifty feet from where it struck the plaintiff.

This is a close question upon the negligence of the defendant's motorman. The speed was not excessive for a car in the country between two villages late at night, where the track was upon the side of the road, and where there was no travel at the time. On the plaintiff's own story, until he heard the car he was lying three feet outside the rail, not upon the road side, but next to the fence. If we assume that the car was going ten miles an hour, it would cover the distance of three hundred feet between the curve and the point where the plaintiff was lying in a trifle less than twenty-one seconds' time. If the plaintiff's estimate be correct of the distance of the car away from him at the time he first began to move and observed the car, namely, one hundred feet, it would cover that distance in a trifle less than seven seconds. Under the conditions of darkness and lateness at night, the attention of the motorman would much more naturally be directed toward the track a longer distance in front of him, and toward the road where travel might have been expected rather than toward the fence side on the ground where nobody would be ordinarily. Under all these circumstances we are of opinion that the failure of the defendant's motorman to detect the prostrate form of the plaintiff cannot be said to have been negligent.

*Exceptions overruled.*