THOMAS C. BIGWOOD *vs.* BOSTON AND NORTHERN STREET
RAILWAY COMPANY.
ADDIE A. BIGWOOD *vs.* SAME.
THOMAS C. BIGWOOD *vs.* SAME.
CHARLES E. BUTTERFIELD *vs.* SAME.

Suffolk.   March 13, 1911. — June 21, 1911.

Present : KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Matter of conjecture, Street railway.   *Evidence*, Circumstantial, Presumptions and burden of proof.

In an action for personal injuries alleged to have been caused by the negligence of the defendant, where the evidence is wholly circumstantial, although the plaintiff is not bound to exclude the possibility of every cause for the accident from which he suffered other than the negligence of the defendant, he must present evidence showing the greater likelihood that the negligence of the defendant was such cause, and if on the facts disclosed by the evidence it is as reasonable to suppose that the cause of the accident was one for which no liability would attach to the defendant as one for which the defendant is liable, the plaintiff has not made out a case which entitles him to go to the jury.

In an action against a street railway corporation for injuries received, when the plaintiff was a passenger on a car of the defendant, from an extraordinary explosion of dynamite, it appeared that the accident happened at about eight o'clock on an evening late in September, that when the explosion occurred the car, if moving at all, was going not more than six or eight miles an hour, that shortly before the accident there passed over the track an express wagon, on which four pine or spruce boxes filled with sticks of dynamite had been loaded with other merchandise, that each box weighed about fifty pounds, that one of these boxes had been loaded on the top of a dry goods box, that the load was not bound perfectly and that before reaching the track another rope was used for binding, but that nothing was missed from the load at that time, that the wagon proceeded on its way and crossed the defendant's track at about the place and a few minutes before the explosion occurred, and that after the explosion the driver of the wagon discovered that the box which had been on the top of the dry goods box was gone, and only three boxes of dynamite could be found, that the car was equipped with a fender, the height of which from the ground was not fixed, but there was some evidence that its height from the ground was six inches. There was no evidence as to the manner in which the accident occurred. No person who survived saw the dynamite upon the track or observed the impact of the car upon it.   *Held*, that it could not be said that a cause of the accident attributable to the negligence of the defendant had been indicated by anything stronger than a pure conjecture, and accordingly that there was no evidence for the jury of the defendant's negligence.

FOUR ACTIONS OF TORT, three for personal injuries, and the other by one of these plaintiffs for consequential damages aris-

ing from injuries to his wife, another of the plaintiffs, all of the injuries having been sustained by reason of an explosion at or near the junction of Main Street and Wyoming Avenue in the city of Melrose on the evening of September 21, 1904, which wrecked a car of the defendant in which the plaintiffs were passengers. Writs dated November 26, 1904.

In the Superior Court the cases were tried together before *Brown,* J. At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant in each of the cases; and the plaintiffs alleged exceptions.

*A. T. Smith,* (*C. W. Bartlett* with him,) for the plaintiffs.

*F. P. Cabot,* (*P. N. Jones* with him,) for the defendant.

RUGG, J. These are actions brought to recover damages for injuries received by passengers of the defendant. The car in which they were travelling came to a place on Main Street in Melrose on a slightly descending grade at about seven minutes before eight o'clock on the evening of September 21, 1904, when an explosion of terrific violence occurred, which completely wrecked the forward part of the car, granulated the stone pavement of the street, blew away a portion of one rail of the defendant's track and killed and injured many people. The evidence as to the operation of the car immediately before was slightly conflicting. Several witnesses testified that it came to a stop, and then started forward slowly; others said it was coming to a stop; while one thought it was going six or eight miles an hour. If moving, its speed was such that it might have been stopped quickly and in a short distance. It appears to be conceded that dynamite was the cause of the catastrophe. The evidence as to dynamite was this in substance: The city of Melrose had ordered two hundred pounds of dynamite to be delivered at its stone crusher, and on the afternoon of September 21 this had been brought from a hulk in the harbor where a quantity was stored. It was in four pine or spruce boxes, each about seventeen and one half inches long, eleven and five eighths inches wide and eight and three fourths inches deep, and containing one hundred cartridges. Each cartridge was cylindrical in form, one and one fourth inches in diameter and eight inches long, weighing one half pound, and they were packed in tiers in sawdust. Each box weighed about fifty

pounds. The evidence is not clear as to how securely the box covers were attached, but there was perhaps some to the effect that it was by four nails. These four boxes were delivered in Boston to the driver of an express team to be transported to Melrose, who put them on his load with other merchandise where they fitted best, one being on the top of a dry goods box. The load was not perfectly bound, and at some place between Charlestown and Everett another rope was used for binding, and nothing appears to have been missed from the load at this time. He then drove on to Melrose, and, at about the place where and a few minutes before the explosion occurred, crossed the tracks of the defendant and continued on to his stable not far away. Within half an hour after the explosion he discovered that the box which had been on the top of the dry goods box was gone, and that only three boxes of dynamite could be found. There was no evidence aside from the explosion as to where this box was, or in what position or how the box or its contents was upon the street, or how or if at all the car came in contact with the dynamite. So far as disclosed on the record, no one saw it after it was bound more securely upon the top of the dry goods box between Charlestown and Everett. There was evidence that empty boxes were kept on the hulk in the harbor " as oftentimes one gets broken; the men will drop a box ten or fifteen feet and smash it and the dynamite is repacked," and that dynamite was more or less of " an erratic substance." The car was equipped with a fender, the exact height of which above the ground was not fixed, but there was some evidence that it was six inches. The plaintiffs contend upon this evidence that a jury would be justified in finding that the explosion was caused by the collision of the defendant's car with a box of dynamite on its track brought about by the negligence of the defendant or its motorman.

The calamity which injured the plaintiffs was so extraordinary as to be wholly outside the pale of experience. It is not like derailment, a misplaced switch, sudden stopping or starting, a flash of electricity or any one of those not uncommon accidents, which might be taken to speak for itself of some lack of care or want of control of instrumentalities within the custody of the carrier and used by it in conducting its business.

It did not result from any agency actually or constructively within the possession of the defendant. It did not flow from any cause upon the property of the defendant, like escaping gas, electricity or water, but from something upon the public way, over which the defendant had no control, and for the condition of which it had no responsibility. Ordinarily no one would have the slightest reason to suspect that dynamite would be lying about the street. There is no evidence whatever that the defendant or its servants had special information of this unusual danger or could have obtained it by the exercise of that high degree of care exacted of common carriers of passengers. Under these circumstances it has not been and could not properly be argued that the happening of the explosion was itself evidence of negligence. The plaintiffs put their case frankly on the ground of the failure of the motorman to avoid striking an obstacle left through the gross carelessness of somebody who was a stranger to the defendant, and which turned out to be an explosive of high power. This is the main proposition, although there are subsidiary charges of negligence of the defendant in failing to furnish sufficient light to enable the motorman to see and escape the danger.

By bringing their actions, the plaintiffs assumed the obligation to show that the negligence of the defendant caused their injury. This was an affirmative burden and could not be left to surmise, conjecture or imagination. There must be something amounting to proof, either by direct evidence or rational inference of probabilities from established facts. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable. If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for which the defendant is liable, then a plaintiff fails to make out his case.

There is no evidence here as to how the accident occurred. No human eye now living saw the dynamite upon the street or observed the impact of the car against it. It is conceivable that it

may have occurred by the car running upon the box of dynamite while it was intact.   It is equally reasonable to theorize that the box, as it worked out from under its binding on the top of the dry goods box and fell six or more feet, broke open in striking on the stone paved street, and a single stick rolled upon the rail while the rest remained outside the rail, but near enough to be exploded by the detonation of the single stick as the car rolled over it.   It is also not inconceivable that as it fell a wheel of the heavy express wagon may have rolled against the box in such way as to break it open and scatter its contents.   It cannot be said to have been negligence for a motorman to run upon so small an object as a single stick of dynamite in the night time.   It might be suggested with like plausibility that the motorman observed the box, if it was whole and partly in front of his car, and proceeding slowly, brought his fender or the wheel of his car against it in the expectation that it would be pushed aside, the car being so fully under his control as to enable him with certainty to prevent derailment, and that the dynamite exploded by the jar and friction thus engendered. These hypotheses illustrate the wide range of rational speculation available in the vain effort to point with any greater assurance to one rather than to another as the way in which the misfortune occurred.   When the mind is left in such uncertainty it cannot be said that a cause attributable to the negligence of the defendant has been indicated by a probability sufficient to be removed from the realm of fancy.   We know of no case closely similar to this in its facts, but the principle upon which this decision turns has been frequently applied.   *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572.   *Hunt* v. *Boston Elevated Railway*, 201 Mass. 182, 185.   *Jameson* v. *Boston Elevated Railway*, 193 Mass. 560.   *Faulkner* v. *Boston & Maine Railroad*, 187 Mass. 254.   *Thomas* v. *Boston Elevated Railway*, 193 Mass. 438.   *MacDonald* v. *Edison Electric Illuminating Co.* 208 Mass. 199.   *Ormandroyd* v. *Fitchburg & Leominster Street Railway*, 193 Mass. 130.   *Kupiec* v. *Warren, Brookfield & Spencer Street Railway*, 196 Mass. 463.   *Bevard* v. *Lincoln Traction Co.* 74 Neb. 802.

*Exceptions overruled.*