FLORENCE E. BOHANON, administratrix, *vs.* MIDDLESEX AND BOSTON STREET RAILWAY COMPANY.

Essex.   November 11, 1920. — January 5, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Causing death, Street railway, In use of highway.

At the trial of an action by an administrator against a street railway company for causing the death of the plaintiff's intestate by running over him, the evidence tended only to show that the place of the accident "was right out in the country," in a sparsely settled neighborhood, where double tracks of the defendant were entirely at the side of a wide highway, not in a reserved space, but "grassed over" between the rails; that commonly no traffic of any kind excepting that of the street railway was within the location of the street railway tracks; that, with a weak headlight on a winter morning about two hours before sunrise, the street car approached the place of the accident on the track farther from the wrought and travelled way around a slight curve and at the rate of from fifteen to twenty miles an hour. The motorman, called as a witness by the plaintiff, testified without contradiction that, when about sixty-two feet away from the decedent, he for the first time saw the prostrate form of the decedent lying between the rails covered with a light sprinkling of snow and that, using every effort, he stopped the car in about one hundred fifty-five feet. *Held,* that a finding of negligence on the part of the motorman was not warranted.

TORT for causing the death of Asa Bohanon on December 25, 1916. Writ dated January 13, 1917.

In the Superior Court the action was tried before *N. P. Brown,* J. Material evidence is described in the opinion. The defendant rested at the close of the plaintiff's evidence and moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $2,675; and the defendant alleged exceptions.

*P. F. Drew,* (*C. S. Walkup, Jr.,* with him,) for the defendant.
*R. L. Sisk,* for the plaintiff.

RUGG, C. J.  This is an action of tort to recover damages for the death of Asa Bohanon alleged to have resulted from the negligence of a servant of the defendant.  The time of the injury was about a quarter after five o'clock on Christmas morning, 1916, which was almost two hours before sunrise.  It had been snowing earlier, but whether it was snowing at the moment of the accident is not certain from the record.  The accident occurred between Lexington and Bedford at a place where the two sets of rails of the defendant were entirely to one side of the part of a wide highway wrought and used for travel.  The tracks do not appear to have been on a reservation, but commonly no traffic of any kind except that of the street railway was within this part of the location of the way, and the space "between the tracks was grassed over."  The car of the defendant was proceeding on the track on the extreme outer side of the highway, where there is no sidewalk and where "people do not walk."  This was on the right of the highway as the car was going, the part of the highway ordinarily travelled by pedestrians, vehicles and automobiles being to the left of both sets of rails.  The motorman, called as a witness by the plaintiff, testified in substance and without contradiction that he saw the prostrate form of the plaintiff's intestate, covered with a light sprinkling of snow, lying between the rails when about two car lengths or sixty-two feet away; that using every effort he stopped the car in about five car lengths or one hundred fifty-five feet, but the man was fatally injured; that there was a slight curve in the road just before he got to where the man was, which threw the weak light of the car to one side of the rails; that the last house passed by him was one third of a mile from the accident; the neighborhood was sparsely settled and "was right out in the country."  The evidence as to the speed of the car was that it was proceeding at a rate of from fifteen to twenty miles per hour.  There is nothing to indicate that pedestrians or other travellers might reasonably have been expected upon the street railway track at that early hour of the morning.  There was no evidence tending to show how the plaintiff's intestate happened to be lying between the rails.

The evidence including the plan and photograph fails to show negligence on the part of the defendant's motorman.  The evidence is quite similar to that in *Kupiec* v. *Warren, Brookfield &*

*Spencer Street Railway,* 196 Mass. 463, *Johnson* v. *J. M. Guffey Petroleum Co.* and *Johnson* v. *Boston & Maine Railroad,* 197 Mass. 302. The case at bar is governed by those decisions and is indistinguishable from them in any material particular.

It becomes unnecessary to discuss other errors set forth in the bill of exceptions. There appears to have been a full inquiry into the facts. The exceptions are sustained and in accordance with St. 1909, c. 236, § 1, judgment may be entered for the defendant.

*So ordered.*