H. G. BAKER, Appellant, v. DES MOINES CITY RAILWAY COMPANY et al., Appellees.

NEGLIGENCE: Trespasser—Nonduty to Anticipate. A street railway company is under no duty, through its employees, to anticipate the presence of a private vehicle, i. e., an automobile, at a place within a public street from which private travel is *wholly and necessarily excluded.*

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JUNE 23, 1922.

ACTION to recover damages for an injury to plaintiff's automobile, caused by a collision with a street car operated by the defendant company. The jury returned a verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*A. L. Steele,* for appellant.

*William H. McHenry* and *Corwin R. Bennett*, for appellees.

FAVILLE, J.—Ingersoll Avenue in the city of Des Moines is a street running east and west. The central portion of the street is occupied by the double car tracks of the appellee. The street is paved on each side of the car tracks, the pavement being about twenty feet in width on each side. It is made of asphalt, and slopes slightly from the car tracks to the curb. The space occupied by the car tracks is wholly unpaved, and cannot be used for purposes of travel by vehicles.

The evening of October 8, 1919, was misty and rainy. At that time, the appellant was driving an Overland car, going westward on the north side of Ingersoll Avenue; and while he was so driving the car skidded on the wet pavement, and turned completely around, so that it was faced toward the east, or northeast. In this movement, the right rear wheel of the car slid off the paving next to the north rail of the street car track. The right front wheel of the car remained on the paving, very close to the edge. Appellant found it impossible to expeditiously extricate the car from this position.

Very shortly after the car had skidded into this position, a street car approached upon the north track, going westward. It collided with appellant's automobile, and caused the damages to it for which this suit is brought. The plaintiff charged negligence in three particulars, as follows:

"1. That the defendants' agents and employees by the exercise of reasonable care could have discovered the plaintiff's car in time to have stopped the car and prevented the injury.

"2. That the defendants were negligent in running said street car at an excessive rate of speed, and not keeping the same under control.

"3. In not keeping a lookout for persons and obstructions upon the track of the defendant company."

I. Error is predicated upon the giving of Instruction No. 10. Said instruction was as follows:

"You are instructed that, at the time and place of the accident in question, when plaintiff's automobile was struck by defendants' street car, that said automobile was in a place not

open for traffic for automobiles, and therefore the defendants were under no duty to anticipate the presence of said automobile at said place. If, however, defendants' motorman actually saw this automobile at said time and place, in a place of danger, it was then his duty to use the appliances at his command to stop said car and prevent injury or damage to said automobile if possible. And a failure to use such care would constitute negligence for which defendants would be liable, unless you find that plaintiff was guilty of contributory negligence, as hereinafter instructed.''

The undisputed evidence in the case showed that, at the time of the accident, the appellant's automobile was on a place on the street not open for traffic for automobiles. The space was occupied by the ties and rails of the street car tracks, with no paving whatever between the rails. Vehicles did not and could not drive in this space.

Appellant argues that the public streets are open to the use of drivers of vehicles throughout their entire width. This is true, as a general proposition, but it is not true where certain portions of the street are obviously and openly used for other purposes than the movement of vehicles, and to their evident exclusion. It frequently happens that a space in the center of a public street is set off as a parking, and beautified with shrubs and flowers. While such space is still a part of a public street, no one would seriously contend that the driver of a vehicle could be expected to use it for purposes of travel. So in the instant case, the central portion of Ingersoll Avenue, by its construction, was set off in such a way as to be obviously intended for use by the street railway company only, and not for purposes of travel. It could not be so used.

The spokes in the wheel upon appellant's car were broken when his car went from the paving into the space occupied by the street car tracks. An automobile could not be driven into this space without danger of breaking it. Surely, there was no duty resting upon the street car company to anticipate that an automobile would be located in this unpaved space used only by the appellee company.

The court told the jury that, if the appellee's motorman ac-

tually saw the automobile in this location, then it was his duty to use the appliances at his command to stop the car or prevent injury or damage to the automobile, and that failure so to do would constitute negligence.

The challenged instruction was not erroneous, as applied to the facts in the instant case. In other instructions, the court clearly, correctly, and fully told the jury what acts of omission or commission would constitute negligence on the part of the appellee railway company. These instructions must be read as a whole, and when so read, there was no error therein of which appellant can complain.

*Bohanon v. Middlesex & Boston S. R. Co.*, 237 Mass. 27 (129 N. E. 297), presented a somewhat similar situation.

Appellant insists that the last clear chance doctrine applies in this case, and that the court erred in giving Instruction No. 10, because it is contended that the same is not a correct announcement of said doctrine.

We doubt if the court intended by Instruction No. 10 to announce the rule of the last clear chance doctrine. There was no evidence in the record upon which to submit that theory to the jury. Appellant's contention is that the last clear chance doctrine applies where a defendant either actually knows of the dangerous situation of a plaintiff, or by the exercise of ordinary care should have known of such perilous situation.

We have not so recognized the rule in this state, but have held that, where the last clear chance doctrine is applicable, it must be shown that the defendant had knowledge of the dangerous situation of the plaintiff, before the last clear chance doctrine will apply. *Carr v. Inter-Urban R. Co.*, 185 Iowa 872, and cases cited and discussed therein.

II. Appellant devotes considerable of his argument to a discussion of the evidence in regard to negligence on the part of the motorman.

This was essentially a fact question, for the determination of the jury.

It appears that the headlights on appellant's automobile were not lighted, and that the only lights thereon were two small side lights on brackets on the sides. The evidence tends to show

that the vision of the motorman was interfered with by the mist and rain upon the glass in the vestibule of the car. There was a conflict in the evidence in regard to the speed of the car, and also as to whether the motorman was looking in the direction in which he was going, at the time of the accident.

The whole situation surrounding the accident was described by the witnesses, and it was for the jury to determine therefrom whether or not the appellee was guilty of negligence. We cannot substitute our conclusions on a fact question for the verdict of the jury under such circumstances.

We find no error of law in the case requiring any interference on our part, and the judgment as appealed from is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.