ELLA A. WILLIAMS, administratrix, *vs.* NAHANT AND LYNN STREET RAILWAY COMPANY.

Essex.    November 9, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway.

In an action of tort for causing the death of the plaintiff's intestate, against a corporation operating a street railway over a strip of land connecting the city of Lynn and the town of Nahant on a location granted to it by the metropolitan park commission, parallel to but one hundred fifty feet from the highway and just as close to Lynn Harbor on the west as was possible, a finding that the defendant or any of its servants or employees was negligent was not warranted by evidence showing merely that, as a street car with lights within and headlight lighted, on a very dark night at 11:30, at the rate of twenty-five miles per hour, was passing over a portion of the track where there was no stopping place for two miles, the plaintiff's intestate stepped upon the track from the harbor side within fifteen feet of the car and was struck before the motorman could stop the car.

TORT for causing the death of the plaintiff's intestate, Clifton B. Williams, who was run into by a street car of the defendant. Writ dated December 3, 1924.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. Leave was reserved under G. L. c. 231, § 120, before the recording of a verdict for the plaintiff in the sum of $1,432.50 and thereafter the judge caused a verdict for the defendant to be entered. Both parties alleged exceptions.

*R. H. Taylor*, for the plaintiff.

*E. S. Underwood*, for the defendant.

CARROLL, J.   This is an action of tort by the administratrix of the estate of Clifton B. Williams to recover for his death, alleged to be due to the negligence of the defendant. The jury returned a verdict for the plaintiff.   The trial judge, under leave reserved, entered a verdict for the defendant.

The defendant operated a street railway over a strip of land connecting the city of Lynn and the town of Nahant, a location granted to it by the metropolitan park commission. Lynn lies to the north and Nahant to the south of this strip, with the ocean on the east and Lynn Harbor on the west. The highway is in the center of the strip, and the defendant's tracks are located about 150 feet from the highway; they "are laid just as close to the harbor as you can lay them, and against the embankment on which the tracks are laid is riprap construction, rocks thrown in there to keep the road bed from sliding into the harbor."   Between the highway and the harbor the land is "sand and gravel and brush . . . beach grass, and hummocks."

The accident which resulted in the death of the plaintiff's intestate occurred on the night of July 8, 1924, "a very dark night, about half past eleven," at a point variously estimated from 300 to 625 feet from the traffic road back of the Lynn bathhouse.   The intestate was struck and killed by a Nahant bound car.   After leaving the traffic road in the rear of the bathhouse, there is no stopping place until Wilson Road in Little Nahant is reached, a distance of about two miles.   The deceased and a woman companion were first seen as they were stepping over the left hand rail of the track on which the Nahant bound car was coming, into the path of the approaching car.   They were facing Nahant and were within two, ten or fifteen feet from the car which was moving at the rate of twenty-five miles an hour.   The car was lighted inside and its headlight was burning.

There was evidence that as soon as the intestate was seen by the motorman he "reversed the car, hollered and put on the brakes."   There was no evidence that the motorman could have seen the intestate until the instant he stepped

in front of the moving car.    It was not to be expected that, at this hour of the night and at this point where stops were not made, persons would walk upon the track.    It does not appear where the intestate came from.    All that is shown is that he stepped in front of the moving car, and as soon as the motorman saw him he did all he could to stop the car. In these circumstances there was no evidence of negligence. The car was not moving on a highway but in a place where the motorman had no reason to anticipate the presence of the intestate.    See *Kupiec* v. *Warren, Brookfield & Spencer Street Railway,* 196 Mass. 463.

The defendant also filed exceptions.    But, as the plaintiff's exceptions must be overruled, we do not understand that the defendant relies on its exceptions and we do not consider them.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions waived.*