NORMAN L. SNOW, administrator, *vs.* ELMER K. NICKERSON.

Hampden. June 30, 1939. — September 14, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Violation of law.

A finding that an intestate, struck by an automobile at night near an intersection of streets in a thickly settled and lighted portion of a city, was guilty of contributory negligence was not required, and a finding of negligence of the operator of the automobile was warranted, by evidence that, when the operator first saw the intestate he was just beyond the intersection and eight feet from a curb he had left, and that the operator had passed through the intersection at a speed violating G. L. (Ter. Ed.) c. 90, § 17.

TORT. Writ in the Superior Court dated December 3, 1935.

The action was tried before *Collins,* J., and there was a verdict for the plaintiff in the sum of $2,337.72. The defendant alleged exceptions.

The case was submitted on briefs.

*C. Fairhurst, T. M. Hayes & H. P. Herr,* for the defendant.

*N. L. Snow & E. S. Searle,* for the plaintiff.

RONAN, J. The plaintiff's intestate was struck by an automobile, operated by the defendant, near the intersection of two public ways in Springfield, a little after ten o'clock on the evening of November 5, 1935. The jury returned a verdict for the plaintiff upon the count for death, and the case is here upon the defendant's exception to the denial of his motion for a directed verdict upon this count.

The defendant contends that the intestate was lying in the street for some time previous to the accident, having been struck by an automobile; that the defendant was not negligent in striking him; and that his death was caused by being struck by the first automobile. There was evidence supporting these contentions, although it would seem to be more a matter of inference than direct proof that he had been actually injured before the contact with the defendant's automobile.

Pearl Street along which the defendant was travelling was twenty-five feet wide from curb to curb, while the intersecting way, which crossed it, was nineteen feet in width. A street light was located at the southwest corner of these streets. The weather was fair. The locus was a thickly settled part of the city. It could be found that the defendant was proceeding in an easterly direction with the right-hand wheels eight feet from the right hand or southerly sidewalk, and that the front of his automobile had gone about five and one half feet beyond the intersection when he struck the intestate, who was in the street. There is no dispute that he was struck by the defendant's automobile. The evidence was conflicting, however, as to whether the defendant saw the intestate "pitch headfirst into the street from the south side of Pearl Street, directly in front of his car . . . only three or four feet away from the car," as he stated to a police officer shortly after the accident, or whether, when he first saw him, the intestate "was in a horizontal position, either lying down or pitching forward, his body not over two feet above the ground," as the defendant stated on the next day to a police captain, or whether, as he testified, he "did not see him pitch — that this was only the instantaneous impression that he got that he must have been pitching from the sidewalk." The jury were free to accept such version of the defendant's story as they thought was entitled to credence and, in testing the correctness of the judge's action in refusing to direct a verdict for the defendant, we are bound by the familiar rule to adopt that view of the evidence most favorable to the plaintiff.

Whether the deceased was attempting to cross the street when he was struck by the defendant's automobile, or whether he did not see this automobile or, seeing it, thought he had a reasonable opportunity to cross in safety, is not disclosed by the record. We cannot pronounce his judgment irrational in view of the distance that it could be found he had gone into the street before he was struck. There was no traffic in the vicinity other than the defendant's automobile. None of his movements prior to the time he left the sidewalk is shown by the testimony. If he did give the defendant the impression that he pitched from the sidewalk, we do not know what caused him to make such a movement. He might have slipped or tripped. He was not intoxicated, and he was a man who did not use liquor. Enough has been said to show that the case comes within the scope of G. L. (Ter. Ed.) c. 231, § 85, and that it could not be said as matter of law that the defendant had affirmatively shown that the accident was caused by the contributory negligence of the intestate. *King* v. *Weitzman*, 267 Mass. 447. *Mulroy* v. *Marinakis*, 271 Mass. 421. *Wanamaker* v. *Shaw*, 294 Mass. 416. *Leveillee* v. *Wright*, 300 Mass. 382.

The jury were not required to find that the deceased had been lying in the street for some time before he was struck by the defendant's automobile, and we need not decide whether in that event the defendant could be held liable. See *Kupiec* v. *Warren, Brookfield & Spencer Street Railway*, 196 Mass. 463; *Johnson* v. *J. M. Guffey Petroleum Co.* 197 Mass. 302; *Bohanon* v. *Middlesex & Boston Street Railway*, 237 Mass. 27; *Chatterton* v. *Eastern Massachusetts Street Railway*, 257 Mass. 550; *Neverett* v. *Patch*, 295 Mass. 454. We assume, in the absence of any exceptions, that the instructions to the jury were apt, accurate and complete. The jury could find that the scene of the accident was well lighted; that there was a clearance of eight feet between the automobile and the southerly curb; that there was no other traffic in the vicinity; that the intestate had moved so far out into the street that his body was near the middle of the street when he was picked up after the

accident; and that the defendant did not apply his brakes until after the intestate was struck. The jury were warranted in finding, in view of the speed of the automobile and the distance of the place of the accident from the southerly curb which the decedent had left, that when he left the sidewalk, the defendant's automobile was far enough away so that, if it were properly operated, the accident would have been avoided. There was evidence that the defendant was driving through the intersection at a rate of twenty to twenty-five miles an hour and that the accident occurred as he was leaving the intersection. Such a violation of G. L. (Ter. Ed.) c. 90, § 17, was evidence of negligence. It was for the jury to say whether it contributed to the accident. *Regan* v. *Rosenmark*, 272 Mass. 256. *Harlow* v. *Corcoran*, 290 Mass. 289. *Marshall* v. *Carter*, 301 Mass. 372.

*Exceptions overruled.*