*Northern District*

No. 4726

## JOSEPH H. TALALEWSKY, et al

v.

## NORTON OIL COMPANY

(May 10, 1954)

*Cavan, J.* This is an action of contract or tort, wherein the plaintiffs seek to recover for property damage, sustained by reason of a puff back of their oil burner, while it was allegedly being repaired by an employee of the defendant.

Count 1 of the plaintiffs' declaration is in contract, and count 2 is in tort. The trial judge (Russell, S. J.) found for the plaintiffs under count 2.

Both parties agree "that the evidence at the trial correctly warranted the conclusions of fact found by the court," as follows:

"The plaintiffs had a contract with the defendant company for the care by the defendant of the oil burner in the plaintiffs' house. On December 22, 1951, the defendant company received a request from the plaintiffs to come to their house and investigate why there was no heat in the house. An employee of the defendant reported to investigate the situation. When the service man employed by the defendant arrived, the burner was running. The service man stopped the burner, shut off the oil supply and started

the burner to check the ignition. The ignition was alright. The service man turned on the oil supply and started the oil burner which operated satisfactorily. The plaintiff, Joseph H. Talalewsky was present in the basement and asked the service man what could be done to stop the pipes from banging. The service man checked the steam pipe mains and discovered that a loop had been made in the line down one side of a basement window, across bottom and up other side of basement window which pocketed the steam condensate causing the pipe to bang, or technically described as a water hammer. The service man brought this to Joseph H. Talalewsky's attention who said he would have his plumber attend to it. Joseph Talalewsky then requested the service man to check the thermostat. The service man complied and went upstairs and during the cleaning of the thermostat points the oil burner was started and puffed. As a result of the puffing of the oil burner, the plaintiffs' property was damaged in the amount of $325.00."

The defendant filed the following requests for rulings:

"1. Upon all the evidence in the case the plaintiffs have not proved that the defendant, its agents or servants, breached said agreement with the plaintiffs as alleged in Count No. 1 of their declaration.

2. Upon all the evidence in the case, the plaintiffs have not proved that the defendant, agents or servants were negligent as alleged in Count No. 2 of their declaration as a matter of law.

3. The doctrine of Res Ipsa Loquitor is not applicable in this case. *McKay v. Boston Consolidated Gas Co.*, 314/493. *Vozella v. Boston & Maine R.R.*, 296/491."

The judge allowed defendant's request for ruling No. 1, and denied No. 2 and No. 3. The defendant claims to be aggrieved by the denial of its requests numbered 2 and 3.

The report contains all the evidence material to the question reported. The evidence is limited, accord-

ing to the agreement of parties, to the judge's findings of fact. These findings indicate that the property of the plaintiffs was damaged by a puff back of their oil burner. They are silent as to the cause of the puff back.

The oil burner had been examined by the defendant's service man, who found, after certain tests, that it operated satisfactorily. When asked by one of the plaintiffs, what caused the pipes to bang, the service man looked over the steam pipe mains and gave as his opinion that a loop in the pipe line around one of the basement windows pocketed the steam condensate, and thereby caused the banging. As this was a matter for the attention of the plaintiffs' plumber, the service man did nothing about it. He did, upon request, check the thermostat, which was in another part of the premises, and was cleaning its points when the puff back of the oil burner occurred.

It is common knowledge that a thermostat operates to control the amount of heat given off by an oil burner, to which it is connected, but it is not common knowledge that the cleaning of it might cause a puff back in the oil burner.

"By bringing their actions, the plaintiffs assumed the obligation to show that the negligence of the defendant caused their injury. This was an affirmative burden and could not be left to surmise, conjecture or imagination. There must be something amounting to proof, either by direct evidence or rational inference of probabilities from established facts. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable. If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for whicr the defendant is liable, then a plaintiff fails to make

out his case." *Bigwood v. Boston & Northern Street Railway Co.*, 209 Mass. 345, 348.

The plaintiffs offered no expert opinion as to the cause of the puff back, and common or ordinary knowledge would not warrant a finding that it was more probable that the puff back in the plaintiffs' oil burner occurred because of some act of the defendant, rather than for some cause for which it was not responsible. *Felch v. D'Amico*, 326 Mass. 196, 198.

The mere happening of the puff back, the direct cause of which has not been shown, does not warrant an inference that it was caused by the negligence of the defendant's service man. "Without attempting to lay down an exhaustive classification of the cases in which the principal of res ipsa loquitur applies, it may generally be said that the principal only applies when the direct cause of the accident, and so much of the surrounding circumstances as were essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a prima facie responsibility for what happened." *Wing v. London General Omnibus Co.* (1909), 2 K.B. 652, 663, 664, cited in *Reardon v. Boston Elevated Railway*, 247 Mass. 124, 126.

The denial of the defendant's second and third requests for ruling was prejudicial error. The finding for the plaintiffs is to be vacated, and a finding entered for the defendant.

Morrison, Mahoney & Pearlman, for the plaintiffs.
Weber, Rooney & Andrews, for the defendants.