Curran, Dennis J., J.
The defendants Bentley University and Anthony Alessandro move for summary judgment under Mass.R.Civ.P. 56 with respect to all claims by the plaintiff Christina Caffarella. They assert that Ms. Caffarella has failed to present sufficient evidence to raise an issue of material fact as to the causal link between their alleged negligent installation of a shower caddy in the Trees Birch Dormitory at Bentley University and her alleged injury.
For the reasons that follow, the defendants’ motion for summary judgment is ALLOWED.
We take, as we must, all evidence and reasonable inferences drawn from that evidence, in the light most favorable to the non-moving party (here, Ms. Caffarella).
Factual Background
The summary judgment record discloses the following facts.
On November 1, 2010, Christina Caffarella was a student at Bentley University and was not feeling well after having slept most of the day in her dorm room, suffering from cold and/or flu-like symptoms. Sometime around 4:40 p.m., she went to the women’s bathroom on the third floor of the dormitory to take a shower. While in the shower, she felt dizzy and sat down on the floor of the stall for some period, facing the wall with the shower caddy. At some point, she stood up, lost consciousness, and fell, injuring her left eye and forehead. She has no memory of how she injured her eye, and does not remember changing the direction she was facing when she stood up. There were no witnesses to her fall.
After Ms. Caffarella fell, a fellow student found her lying unconscious on the floor of the shower stall. The student contacted the local police who responded; paramedics also arrived and transported her to the hospital. The police officer reported finding evidence of blood on the on/off water dial, but nowhere else.
On September 13, 2012, Ms. Caffarella commenced this action alleging that the defendants negligently installed or maintained the shower caddy, which encumbered the usable space of the shower. She also claimed that when she fell, the shower caddy lacerated her face.
DISCUSSION
Under the established standard, summary judgment will be granted where, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established, and the moving party is entitled to judgment as a matter of law. Cabot Corp. v. AVXCorp., 448 Mass. 629, 636-37 (2007). The moving party must establish that there are no genuine issues of material fact, and that the nonmoving party has no reasonable expectation of proving an essential element of its case. Miller v. Mooney, 431 Mass. 57, 60 (2000). When the moving party does not bear the burden of proof at trial, it is entitled to summary judgment either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case. Kourouvacüis v. General Motors, 410 Mass. 706, 716 (1991).
Here the defendants claim there is no genuine issue of material fact as to the cause of Ms. Caffarella’s injury because she has asserted insufficient evidence. While it is often stated that summary judgment is disfavored in negligence actions because of the inherently factual nature of the dispositive issues, summary judgment is appropriate where the evidence advanced by the plaintiff is insufficient to permit a finding of negligence, for example, where the plaintiff cannot prove an essential element of her claim. Manning v. Nobüe, 411 Mass. 382 (1991). See also Muse v. Foodmaster Super Mkt., 2000 Mass.App.Div. 137 (Dist.Ct. 2000). The plaintiffs burden of causation cannot be proven only through surmise or conjecture. Coyle v. Wrightson, 78 Mass.App.Ct. 1128 (2011). There must be either direct evidence or a rational inference of probability from the established facts which would allow a rational fact finder to rule for the plaintiff. See id. “While the plaintiff is not bound to exclude every other possibility of cause for [the] injury except that of the negligence of the defendant[s], [s]he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant[s] [are] responsible than from a cause for which the defendant[s] [are] not liable.” Bigwood v. Boston &N. St. Ry. Co., 209 Mass. 345, 348 (1911).
In this case, Ms. Caffarella bears the burden of proving that the defendants’ negligence caused her injury. Coyle, 78 Mass.App.Ct. 1128 (2011). She points to as evidence of causation her own testimony about doctors’ opinions of the cause of the injury along with her memory of facing the wall with the shower caddy before she lost consciousness. See exhibit 3, page 35.
*596 The defendants claim there is insufficient evidence of causation because Ms. Caffarella has no memory of how she injured her eye and there were no witnesses. They also offer as the cause of the injury the on/off water knob which had blood on it when the police arrived and which the plaintiff noted as the probable cause of her injury to her doctor. Exhibit 4; exhibit 6. The primary argument advanced by Ms. Caffarella to disprove this theory is her claim that when she lost consciousness, she fell straight forward without twisting or turning her body in any way. However, this evidence is not apparent in the record; rather, her own testimony indicates that she lost consciousness after standing up without turning. See exhibit 3, page 35.
In summary, Ms. Caffarella cannot provide sufficient direct evidence or establish facts which would allow a rational fact-finder to make an inference of probability that the shower caddy was more likely than not the cause of the injury. Coyle, 78 Mass.App.Ct. 1128 (2011).
ORDER
For these reasons, the defendants’ motion for summary judgment must be ALLOWED.