## CHARLES H. WHITNEY *vs.* CITY OF LOWELL.

Middlesex.    January 9, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Defective Way — Knowledge of Defect — Cover of Man-hole — Statutory Notice.*

A horse, while being driven through a largely travelled city square, was injured by falling into a sewer man-hole therein situated. The cover of the man-hole, which was about twenty inches across and was a proper and sufficient one, was slightly misplaced, and the man-hole was open about half an inch. The city had no actual notice of the defect, and it was not known how long the cover had been misplaced. At the trial of an action against the city to recover for the injury, evidence that two or three days before the accident two men were seen cleaning out the sewer through the man-hole was relied on as showing that the city might have had notice of the defect by the exercise of reasonable care and diligence. *Held*, that the evidence was insufficient for that purpose.

The notice required by the Pub. Sts. c. 52, §§ 19, 21, to be given by a person injured in his person or property by a defect in a highway, may, under the Pub. Sts. c. 27, § 117, be served by an officer upon the city or town by an attested copy.

TORT for injuries occasioned to the plaintiff's horse by falling into a sewer man-hole in Liberty Square, a highway in Lowell. At the trial in the Superior Court, before *Mason,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*L. T. Trull,* (*F. N. Wier* with him,) for the defendant.

*N. D. Pratt,* for the plaintiff.

KNOWLTON, J. The accident on account of which this suit is brought happened at about ten o'clock in the forenoon, in a public square formed by the intersection of five streets, through which was a large amount of travel and near the centre of which was a watering trough. All the evidence tended to show, and the plaintiff did not deny, that the man-hole was rightfully there and was properly constructed, and that the cover, which was about twenty inches across, was a proper and sufficient one. The cover was misplaced, and the plaintiff's driver saw that the man-hole was open about half an inch just as his horse was stepping upon it. The only defect on which the plaintiff relied at the trial was the misplacement of the cover, and the only question before us is whether there was any evidence that the defendant " had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence." Since the passage of the St. of 1877, c. 234, (Pub. Sts. c. 52, §§ 18–20,) cities and towns are liable for injuries caused by a defect in a way only when the defect might have been remedied by reasonable care and diligence on their part. It is incumbent on a plaintiff, in a case of this kind, to show either actual notice of the defect to the city or town before the accident, or such facts and circumstances that the city or town by the use of care and diligence might have had notice of it.

In the present case, there was no evidence of actual notice to the defendant of the existence of the defect, nor anything to show how long the cover had been misplaced. The jury might as well have found that the misplacement occurred only five minutes before the accident as at any earlier time. There was nothing but conjecture on which to rest a finding. While the bill of exceptions purports to state all the evidence bearing on the question, nothing appears as to the adjustment of the cover to the man-hole, or as to the cover itself, except the statement that it was about twenty inches across, and a proper and

sufficient one. It is not said that there was anything material to the present issue which might have been discovered in taking the view. It does appear that the man-hole was used for communication with the sewer from the outside, and it is fairly to be inferred that the cover could be removed by anybody of average strength at any time.

The only evidence relied on by the plaintiff as showing that the defect had existed so long that the defendant should have had notice of it, was testimony that two or three days before the accident two men were seen cleaning out the sewer through the man-hole. This presents the question whether that indicated that the man-hole was left improperly covered at that time. Taken by itself, it is very clear that it did not. The evidence, so far as it went, tended to show that these were workmen engaged in the business of cleaning sewers through man-holes, who presumably well understood the proper method of adjusting the covers, and who appreciated the importance of putting the covers in their proper places. No one is presumed to act negligently; and the probability that the man-hole was properly covered when these men left it might have been argued with much force.

Nor do we think the fact that the cover was out of its place two or three days afterwards, at the time of the accident, gives this evidence any effect in support of the proposition that the defect had continued all that time. Apart from the improbability that such a defect would remain so long undiscovered in that place, there was no such evidence to exclude the operation of other causes of misplacement as to give the testimony as to the workmen any probative force on the point upon which it was introduced. The cover might have been removed by anybody, from curiosity, or for mischief, or to throw something into the sewer; and the cover might have been intentionally or accidentally misplaced by one not accustomed to put it in its position. There was no evidence in the case which tended to show that the defect had existed for any considerable time before the accident. See *Hanscom* v. *Boston*, 141 Mass. 242.

The notice to the defendant required by the Pub. Sts. c. 52, §§ 19, 21, was properly served. The Pub. Sts. c. 27, § 117, expressly authorize constables to serve such notices by an attested copy.                                      *Exceptions sustained.*