HATTIE CRAIG *vs.* INHABITANTS OF LEOMINSTER.

Worcester.     September 29, 1908. — October 22, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Way,* Defect in highway.

At the trial of an action against a town under R. L. c. 51, § 18, to recover for personal injuries alleged to have been received by the plaintiff by reason of a defect in the highway, there was evidence tending to show that a building was being moved on the highway in question by one who rightfully was on the highway for that purpose, that, in the process of moving, a rope was attached to the building, and extended along and about eighteen inches above the surface of the street from the building across a crosswalk to a capstan, that, during the evening when the plaintiff was injured, the moving was interrupted while some overhead wires, which obstructed the progress of the building, were being re-

moved, and that, after the building had stood still at a place near the town hall, with the rope taut, for about forty-five minutes, the plaintiff, in the darkness of the evening, not seeing the rope, attempted to cross the street on the crosswalk, tripped on the rope and fell. *Held,* that, assuming without deciding that there was evidence from which a finding that the rope was a defect would have been warranted, there was no evidence that the authorities of the town had notice of such defect or might have had notice of it by the exercise of proper care and diligence.

TORT under R. L. c. 51, § 18, for injuries alleged to have been received by the plaintiff, while walking on Mechanic Street in the defendant town, by reason of an alleged defect in the street, as stated in the opinion. Writ in the Superior Court for the county of Worcester dated May 25, 1907.

There was a trial before *Gaskill,* J., who directed a verdict for the defendant, and reported the case to this court. The facts are stated in the opinion.

*J. E. McConnell,* (*J. H. P. Dyer* with him,) for the plaintiff.

*F. Freeman,* for the defendant.

KNOWLTON, C. J. The plaintiff, in the evening of September 21, 1905, struck her foot against a rope stretched along a street in the defendant town and was thrown down and injured. The rope was attached to a building which was being moved through the street with the permission of the selectmen, granted in accordance with R. L. c. 52, § 13. While the building was being moved the rope, which was attached at one end to a capstan, was itself in motion, under the care of the workmen. As the work went on, there was interference by the building with the system of wires for electrical lighting, and the building was stopped until the wires could be cut by the employees of the lighting company, and the rope was left taut in a line about eighteen inches above the surface of the street. This action was brought on the ground that the defendant was liable for a defect in the street.

At the close of the plaintiff's evidence the judge ruled as follows: "Your evidence shows that the rope was stationary and not in use at 8:30 P. M. Your plaintiff says that she left the church between 8:30 and a quarter to nine, and took her perhaps five minutes to walk there. No evidence has been introduced to show that any of the town officials had notice, and therefore the question arises whether fifteen or twenty minutes at the out-

side was sufficient time within which the town ought reasonably to have had notice of the condition of things there. I am of opinion that the plaintiff is not entitled to recover." A verdict having been rendered for the defendant, the question whether this ruling was correct is reported to this court.

We assume in favor of the plaintiff that the rope, in its position at the time of the accident, constituted a defect within the meaning of the statute. It was not then in use and it ought not to have been left stretched a foot and a half above the ground in the darkness of the evening. On the other hand, the use of the street for the removal of the building, with written permission from the selectmen, was lawful. It is to be inferred on this record that the permission was properly granted in accordance with the provisions of the statute. We must assume that, in giving the permission, terms had been imposed such as the public safety required. The existence of the building in the street would necessarily cause some obstruction to travel, and the capstan and ropes, such as are ordinarily and rightly used in moving a building, would interfere with ordinary travel at the places where they were set up, while they were in use in drawing forward the building. In a less degree, every vehicle or team moving on a street interferes for the time with the use of that part of the street which it occupies. It is the duty of every person in charge of such a vehicle or team, as well as of every person moving a building in a street, to take proper measures for the protection of other travellers, so far as his occupation of the street might expose them to danger. Taking precautions of this kind is a part of the terms that properly may be prescribed by selectmen under the statute above referred to.

There is nothing in this case to show that there was any failure to take proper precautions while the work was going on, or that the rope by which the building was drawn, while it was in motion in charge of the workmen, was a defect in the way.

The only question is whether, after the work stopped and the rope was left there unnecessarily, such a length of time elapsed that the authorities of the town, in the exercise of reasonable care, should have had notice of its position and should have removed it. The judge in his ruling referred to this time as "fifteen or twenty minutes at the outside." This was in accord-

ance with the greater part of the evidence, but a part of the testimony of the witness Cummings would have warranted a finding that it was nearly, if not quite, three quarters of an hour from the time when the moving was interrupted to the time of the accident. This was between eight o'clock and a quarter before nine o'clock in the evening. While the place was not very far from the town hall where the selectmen had their office, it is not to be presumed that their office was occupied at that hour of the evening. Nor is it to be supposed that in a town other officers or agents of the town, charged with a duty as to the care of highways, would be likely to get notice in less than three quarters of an hour that the rope had been left in such a position as to endanger travellers on the street. Such a condition was not a kind of defect that would be likely quickly to attract public attention in the evening, and to be brought to the knowledge of the authorities, as calling for immediate official action. The rope presumably was in charge of the workmen engaged in moving the building, and they would be expected without much delay to take such action in regard to it as would protect travellers on the street. It is only when the defect might have been remedied or the injury prevented by reasonable care and diligence on the part of the town, or when the town had reasonable notice of the defect, or might have had notice by the exercise of proper care and diligence, that a liability exists in a case of this kind. R. L. c. 51, § 18. The condition while the building was in motion and the rope was being lawfully and properly used to move it was not unlawful, although it might have interfered more or less with travel by others.

In *Stoddard* v. *Winchester*, 154 Mass. 149, there was a condition of the street that was likely to cause a defect in a time of storm, and the defect had been in existence about an hour before the accident. It was not contended that there was evidence of notice to the town of the existence of the defect, and it was held that there was no liability. See also *Whitney* v. *Lowell*, 151 Mass. 212, and *Stanton* v. *Salem*, 145 Mass. 476. In *Donaldson* v. *Boston*, 16 Gray, 508, 511, the rule in this class of cases is stated as follows : " The facts must be such as to lead to the inference that the proper officers of the town, whose duty it is to attend to municipal affairs, did actually know of the exist-

ence of the defect, or with proper vigilance and care might have known it." We are of opinion that the plaintiff failed to introduce evidence of such facts.

*Judgment on the verdict.*