## AMEDAS COTE *vs.* D. W. PINGREE COMPANY.

Essex.   January 14, 1910. — February 25, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability.   *Practice, Civil*, Entry of judgment.   *Supreme
Judicial Court.*

The declaration in an action of tort by an employee in a box factory against the
   proprietor of the factory alleged that the plaintiff was injured by reason of
   negligence of the defendant in not giving to him sufficient instructions or warn-
   ings of the dangers attending his work.   At the trial it appeared that at the
   time of his injury the plaintiff was eighteen years of age and had worked for
   the defendant for six or seven weeks.   From his appearance and manner of tes-
   tifying the jury might have been of opinion that he was below the average in-
   telligence of one of his age, but there was no evidence that the defendant had
   any notice of such mental deficiency or any reason to have apprehended it.
   The plaintiff was injured while operating a matching machine, which was com-
   posed of an iron table set on four iron legs and having upon it two circular saws
   six inches in diameter each set in a slot about an inch in width and ten inches
   long.   Three eighths of an inch of each saw was above the surface of the table.
   Beneath the table and fitting into the space between its legs was a box meant to
   catch the shavings and to be removed by the operator from time to time.   There
   was evidence that the plaintiff never had been warned as to the part of the saw
   under the table, nor instructed to avoid it, and he testified that he did not know
   that the saw went under the table or that there was anything there to cut his
   hand.   While he was reaching down to draw out the box his hand, because a
   part of the box was broken off, went under the table farther than he had in-
   tended and was injured by the saw.   *Held,* that it was difficult to say that the
   plaintiff's injury did not come from an obvious risk of his employment; but,
   without deciding that question, that there was no evidence that the defendant
   was negligent in failing to instruct or warn the plaintiff under the circumstances.
Where an employer has no notice or reasonable ground for apprehension that an
   employee is afflicted with a mental deficiency, he is justified in assuming that
   the employee is of ordinary intelligence and needs only the warnings and in-
   structions which a workman of ordinary intelligence would require.
In this case, although the defendant had not asked this court to order judgment in
   its favor in accordance with St. 1909, c. 236, upon the sustaining of exceptions
   by the defendant to a refusal of the trial judge to order a verdict in its favor at
   the close of all the evidence, this court, being of the opinion that the case came
   within the terms of that statute, ordered judgment to be entered for the
   defendant.

TORT for personal injuries received by the plaintiff while
working upon a machine called a " matcher " in the defendant's
box factory.   The third count of the declaration, which was the
only count upon which the case was submitted to the jury,

alleged as the cause of the injury a failure of the defendant to give to the plaintiff sufficient instructions or warnings. Writ dated October 22, 1904.

The case was tried before *Sanderson,* J. Besides the facts stated in the opinion, it appeared that the plaintiff at the time when he was injured was eighteen years old and had been working for the defendant for six or seven weeks, for the most of that time being employed upon the machine upon which he was injured.

That machine was used to cut a tongue and groove in thin boards such as are necessary for the construction of boxes, and it consisted of an iron table about forty inches in length and sixteen inches in width, supported on four iron legs. Through this iron table there were two slots about one inch in width and ten inches long, through each of which passed a circular saw six inches in diameter. Three eighths of an inch of one saw extended through the slot above the surface of the table. Four and five eighths inches of the saw were beneath the table. The saws, revolving on the same axis, were operated by a belt next to the table which runs directly up and down to loose and tight pulleys directly overhead. This belt was manipulated by a shipper, by the management of which the belt was shifted from the loose to the tight pulley. The shipper was exactly at the right of the machine and almost overhead, and, if the operator stood at the head of the table, he could work the shipper with his hand and so move the belt from the loose to the tight pulley. Beneath the table was a box, so built that it fitted between the four legs, the purpose of which was to gather the shavings as the saw cut the tongue and groove in the boards. When the machine was at a standstill, the teeth of the saws could be seen extending through the slots, and when the machine was in operation, while the teeth were not individually visible, the saw itself was visible as revolving and in operation. It was conceded that there was a sufficiency of light there.

Other facts are stated in the opinion.

At the close of the evidence the defendant asked for a ruling, among others, that a verdict be ordered for the defendant. The ruling was refused, the jury found for the plaintiff in the sum of $4,000; and the defendant alleged exceptions.

*W. Coulson*, for the defendant.

*H. J. Cole*, for the plaintiff.

SHELDON, J. The plaintiff conceded at the trial that there was no defect in the machine upon which he was at work when he was injured, and the third count only of his declaration was submitted to the jury. The defendant's exceptions present the question whether the plaintiff was bound to examine and ascertain what was underneath the table of the machine before putting his hand there, and whether a verdict ought to have been ordered for the defendant. This depends upon whether the jury had a right upon the evidence to find that the defendant was negligent on the ground that it did not give to the plaintiff sufficient instructions or warnings of the dangers which caused his injuries.

The plaintiff's contention was that he put his hand under the table to pull out the box of shavings, which he had been told to do; that by reason of the corner of the box having been knocked off, leaving a hole there, his hand went in farther than it otherwise would have done, and was caught in that part of the saw which was underneath the table. He testified that he did not know that the saw went underneath the table or that there was anything there to cut his hand, and that he had not been told to stop the machine before pulling out the box; and he said that he had repeatedly pulled out the box in the same way while the machine was in motion, in the presence of St. Pierre, who gave or caused to be given to him whatever instructions he received, and that he had not been told by any one that there were saws projecting under the table or that there was any danger in doing as he did on this occasion.

It is difficult to say that the plaintiff's injury did not come from an obvious risk of his employment. The saws projected a little above the surface of the table, and did their work by revolving. It seems to be manifest that they must also project for a greater or less distance underneath the table. And the risk of putting one's hand within the reach of such saws, when they are known to be in motion, is certainly an obvious one. *Stuart* v. *West End Street Railway*, 163 Mass. 391. It is not material that the plaintiff did not in fact know of this particular danger when he entered the defendant's employ if, by such ex-

amination as he readily could make, he would have learned of its existence. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412. *Gleason* v. *Smith*, 172 Mass. 50, 52. *Mutter* v. *Lawrence Manuf. Co.* 195 Mass. 517. *McKenna* v. *Gould Wire Cord Co.* 197 Mass. 406. But if we assume that this doctrine would not apply to the plaintiff by reason of his comparative youth and inexperience, and of the fact that there was a certain difficulty in seeing the position and arrangement of the saws beneath the table of the machine, as his counsel has earnestly contended (*De Costa* v. *Hargraves Mills*, 170 Mass. 375), we are brought to the question of whether it can be said that the defendant ought to have warned him of the real state of affairs and of the danger which was involved therein.

We cannot see any ground for saying that the defendant ought to have supposed that the plaintiff needed such a warning. The arrangement of the saws, the length of the slots through which they passed, the work that they did and the manner in which they did it were such that the defendant would be justified in supposing that any one of average intelligence would see at once that they must protrude below the table even more than they did above it, and in relatively the same places above and below. It is not negligence for an employer to fail to warn a workman of a danger when there is no reason to suppose that there is any need of such warning. *Lemoine* v. *Aldrich*, 177 Mass. 89, 91, and cases cited. The plaintiff's injury was not due to such a peculiar cause, outside of what the defendant had a right to suppose the plaintiff would know about, as was the case in *Halley* v. *Nashua River Paper Co.* 202 Mass. 164, and in *Grace* v. *United Society called Shakers*, 203 Mass. 355.

But it is contended that the jury could find that the plaintiff was below the average intelligence of people of his age, and so stood in peculiar need of information and warning. *Doolan* v. *Pocasset Manuf. Co.* 200 Mass. 200. But the only contention made at the trial was that the jury should find this "because of his appearance and manner of testifying." This is far below the evidence in the case just cited. Nor is there any evidence or any contention that the defendant or any one who acted for it had notice of any lack of intelligence in the plaintiff, or any reason

to apprehend that he was afflicted with a mental deficiency. But without such notice or reasonable ground of apprehension it was of course proper for the defendant to act on the assumption that he had ordinary intelligence. The question still was whether he appeared to be in need of information that he did not receive. *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152, 157.

It is impossible to avoid the conclusion that the plaintiff's injury was due to his thrusting his hand under the revolving saw in a manner and to an extent which the defendant was not bound to anticipate or to warn him against. It is not a case in which he was doing just what he had been told to do and in the way that he had been told to do it, as in *Byrne* v. *Learnard,* 191 Mass. 269.

Although the defendant has not asked us to order judgment in its favor under St. 1909, c. 236, yet the case comes within the terms of that statute. The order will be

*Exceptions sustained and judgment for the defendant.*