CHARLOTTE SMITH *vs.* INHABITANTS OF HYDE PARK.

Norfolk.    October 9, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Way,* Public: defect in highway. *Notice. Evidence,* Presumptions and burden of proof.

In an action against a town under R. L. c. 51, § 18, for personal injuries alleged to have been caused by a defect in a highway of the defendant consisting of a ditch across the sidewalk into which the plaintiff fell, it appeared that at one o'clock in the afternoon when the plaintiff passed over the place the ditch did not exist and that at four o'clock on the same afternoon he fell into it. There was no evidence that any one had a permit to dig either in the street or in the sidewalk and there was no evidence that the defendant before the accident had any knowledge or actual notice of the creation or the existence of the defect. Nor was there any evidence in regard to the locality of the accident except the name of the street in which it happened. *Held,* that the plaintiff was not entitled to go to the jury, there being no evidence that the defendant either had or by the exercise of proper diligence might have had reasonable notice of the defect.

In an action against a town for injuries alleged to have been caused by a defect in a highway of the defendant consisting of a ditch across the sidewalk into which the plaintiff fell, evidence, on which it might be found that the ditch was dug for the purpose of connecting a house abutting on the highway with a sewer, does not warrant the inference that this would not have been done unless the defendant's officers or some of them had issued a permit for the work.

TORT under R. L. c. 51, § 18, for personal injuries sustained by the plaintiff in the afternoon of June 13, 1911, while travelling on the sidewalk of River Street, a highway in the town of Hyde Park, by falling into a ditch or trench dug across that sidewalk. Writ dated October 18, 1911.

In the Superior Court the case was tried before *McLaughlin,* J.
At the close of the evidence, which is described in the opinion,
the defendant asked the judge to rule that upon all the evidence
the plaintiff was not entitled to recover. The judge refused to
make this ruling and submitted the case to the jury with instruc-
tions which were not excepted to. The jury returned a verdict
for the plaintiff in the sum of $2,250; and the defendant alleged
exceptions.

*J. P. Lyons,* for the defendant.

*E. B. Gibbs,* for the plaintiff.

SHELDON, J. The ditch across the sidewalk which constituted
the defect alleged in this case did not exist at one o'clock in the
afternoon when the plaintiff passed over the sidewalk. It was
there and she fell into it at about four o'clock in the same after-
noon. There was no evidence that any one had a permit to dig
either in the street or in the sidewalk. There was no evidence
that the defendant had before the accident any knowledge or
actual notice of the creation or the existence of the defect. But
the burden was upon the plaintiff to show that the defendant
either had, or by the exercise of proper diligence might have had,
reasonable notice of the defect. R. L. c. 51, § 18. *Brummett* v.
*Boston,* 179 Mass. 26. *Campbell* v. *Boston,* 189 Mass. 7, 10, 11.
*Craig* v. *Leominster,* 200 Mass. 101, 104.

There was some evidence from which it might have been in-
ferred that the ditch was dug for the purpose of connecting a house
abutting on the highway with a sewer; and the plaintiff contends
that the jury might infer that this would not have been done
unless the defendant's officers or some of them had issued a per-
mit therefor, and so that the defendant ought to have anticipated
that the work would be done and to have guarded against its
consequences. But such inferences could not be drawn without
some evidence to justify them. In *Bennett* v. *Everett,* 191 Mass.
364, there was evidence that the defendant had issued a day or
two before the accident a permit to dig the trench into which
the plaintiff fell, and that the actual digging began in the morn-
ing, while the accident did not happen until about half past eight
o'clock in the evening. Moreover in that case the place of the
accident was within four or five minutes walk from the defendant's
city hall, in the centre and business part of the city. In the case

at bar, there is no evidence as to the locality of the accident. In our opinion the instruction requested should have been given.

The defendant in its brief did not ask us to order judgment in its favor under St. 1909, c. 236; and it may be that all the existing facts were not brought out at the trial. The entry will be

*Exceptions sustained.*