### ANDREW DUTTON COMPANY *vs.* CITY OF BOSTON.

Suffolk. November 10, 1919.— November 12, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Way,* Defect. *Bridge. Evidence,* Matter of conjecture.

At the trial of an action under R. L. c. 51, § 18, against a city for damages to a horse of the plaintiff alleged to have been caused by a defect in a bridge, the evidence most favorable to the plaintiff tended to show that the horse, after having taken one step over a plank newly laid in the floor of the bridge, was found to have a spike in his hoof, that the horse did not put his foot down again until the spike was removed, that the spike was similar to spikes used in securing planks to bridge surfaces, and that it bore no hammer or sledge marks. A verdict was ordered for the defendant. *Held,* that it was a matter of con-

jecture how or by whose act the spike came upon the bridge surface, and that the verdict properly was ordered.

TORT for damages to a horse of the plaintiff caused by his stepping upon a spike on the Congress Street bridge in Boston. Writ dated July 19, 1917.

The declaration was in two counts, the first count being under R. L. c. 51, § 18, and the second count alleging that the damage was caused by negligence of the defendant.

The action was tried before *White*, J., who at the close of the plaintiff's evidence ordered à verdict for the defendant and reported the case to this court for determination, it being agreed by the parties that, if his ruling was right, judgment should be entered for the defendant on the verdict, and that, if the case should have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $500.

*A. E. Lewis,* for the plaintiff.

*J. A. Campbell,* for the defendant.

BY THE COURT. The plaintiff at the argument in this court rightly having waived its second count, the action is to recover damages alleged to have resulted from a defective condition of a highway in the defendant city.

The facts in their aspect most favorable to the plaintiff are: One of a pair of horses belonging to it driven on to the Congress Street bridge, after going one step over a plank newly laid in the floor of the bridge, was found to have a spike in its hoof. The horse did not put its foot on the roadway after "picking up" the spike until it was removed. The spike apparently had not been driven into the plank because it bore no hammer or sledge marks. It was similar to spikes used in securing planks to the bridge surface.

There is nothing in these circumstances to warrant a finding that the defendant was negligent or was responsible for a defective highway. How or by whom the spike came upon the highway or how long it had been there are matters left wholly to conjecture. *Craig* v. *Leominster,* 200 Mass. 101. *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345. *Smith* v. *Hyde Park,* 219 Mass. 168. *Hamilton* v. *Cambridge,* 219 Mass. 418.

*Judgment for the defendant on the verdict.*