ELMER KING *vs.* THEODORE B. SMART & another.

Bristol.    October 24, 1921. — November 23, 1921.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Employer's liability, Proximate cause.    *Explosive.    Proximate Cause.*

A demurrer to a first count in the declaration in an action by a boy twelve years of age against his employer for personal injuries resulting from an explosion of certain dynamite, which, resembling a tool in appearance, had been placed on the floor of a shed frequented by the plaintiff in the course of his duties, where tools and other property of the defendant were stored, and which the plaintiff, left by the defendant in ignorance of its dangerous character, picked up and put on a grindstone to polish, must be sustained where it appears that the declaration contains no allegation that the plaintiff was under any duty to the defendant to touch, handle or move the dynamite from the place where it was, nor that, untouched and undisturbed, the dynamite was likely to explode and harm persons unless they were warned, nor that any duty of the plaintiff to the defendant brought him in such proximity to the explosive that it was reasonably probable that the plaintiff would pick up the dynamite and polish it as a tool on a grindstone, nor any allegations tending to show that the defendant in his relation to the plaintiff was guilty of wilful or wanton misconduct.

A second count in the declaration in the action above described omitted an allegation that the plaintiff was ignorant of the presence or the nature or the character of the explosive, and, besides the other allegations in the first count, added merely that the defendant stored dynamite or other explosives in the shed in violation of law and that the conduct of the plaintiff with respect to the dynamite was a result of such violation of law on the part of the defendant. Upon a demurrer, it was *held,* that upon the facts alleged in the second count and admitted by the demurrer, it did not appear that the unlawful act of the defendant was the direct and proximate cause of the injury to the plaintiff, the action of the plaintiff intervening in the chain of causation.

TORT for personal injuries, with a declaration as amended in two counts set out in full in the opinion.    Writ dated December 27, 1919.

The defendants demurred to the declaration.    The demurrers were heard by *Dubuque,* J., and were sustained.    Judgment was entered for the defendants; and the plaintiff appealed.

*D. R. Radovsky,* for the plaintiff.
*A. F. Converse,* for the defendants.

PIERCE, J.  This is an action of tort to recover damages of the defendants for injuries sustained by the plaintiff on the premises of the defendants by the explosion of dynamite or other explosive.  The declaration as amended is in two counts which read as follows:

"First Count: The plaintiff says that on or about the twenty-fourth day of September, 1919, he was in the employ of defendants; that on said date he was twelve years old; that defendants had a shed wherein they kept their tools and other property belonging to them; that it was the duty of plaintiff to go in and out of said shed; that defendants had stored in said shed dynamite or other explosive; that part of the same was on the floor of said shed; that the defendants failed to warn the plaintiff of the presence or the danger of said dynamite or other explosive; that the plaintiff was ignorant of the presence or the nature or character of said explosive; that it was negligent for defendants to keep said explosive or dynamite in the said shed and on said floor and it was negligent for the defendants not to warn the plaintiff of the presence or the danger of the same; that the defendants knew or ought to have known that the plaintiff would be apt to pick up the same.  And the plaintiff says that while in said shed in consequence of the above described negligence he picked up said explosive which looked like a tool and thinking it was a tool that needed polishing up and put it to a grindstone and in consequence of the same and the defendants' negligence he was injured through an explosion of the said dynamite and his hand was maimed and he has suffered other injuries.  The plaintiff says he has suffered and will suffer for a long time.  Wherefore he claims damages.

"Second Count: Plaintiff says that on or about the twenty-fourth of September, 1919, he was twelve years old, that he was in the employ of the defendants, that in violation of law the defendants stored dynamite or other explosives in a shed, part of the same being on the floor, that it was the duty of the plaintiff to go in and out of said shed, that as a result of defendants' violation of law the plaintiff picked up from the floor a piece of said explosive which looked like a tool and thinking that it was a tool which needed polishing up he put it to a grindstone, that as a result of the explosion which followed his hand was maimed and he was injured in other ways, from which he has suffered and will suffer a long time.  Wherefore he claims damages."

The defendants demurred to the amended declaration; their demurrer was sustained, judgment was entered for them, and the case is before this court on the appeal of the plaintiff.

The demurrer to the first count of the declaration was sustained rightly. While it is alleged that the plaintiff was a young boy of the age of twelve in the employ of the defendants when injured, and that he had the duty in the course of his employment to go in and out of the shed where the defendants had stored dynamite or other explosives, it nowhere alleges that the plaintiff as a servant of the defendants had any duty to perform which required that he should touch, handle or move the dynamite or explosive from the place where it had been stored. The count does not allege that the dynamite or explosive untouched and undisturbed was likely to explode and thereby cause harm to the plaintiff or to others unless such persons were warned of its presence in the shed and of its dangerous nature, nor does it allege that any duty of the plaintiff to the defendants brought him in such proximity to the explosive that it was reasonably probable that the plaintiff would pick up the dynamite and polish it as a tool on a grindstone. In the circumstances set out in the first count the plaintiff was injured as the result of his own trespassing misconduct without which the dynamite would have remained an innocuous thing. The defendants upon the facts and according to common experience and the usual course of events could not reasonably be expected to anticipate that a servant or licensee on the premises would mistake dynamite or an explosive for a tool of the defendants' business, and would outside his employment voluntarily undertake to improve its condition by polishing it or otherwise. As a master the defendants owed no duty to the plaintiff as a servant, while acting outside the scope of his employment, to instruct and warn him of the perils of place and instrumentalities which were incidental to the use of the premises or the conduct of the business of the master thereon; and there is no allegation of wilful or wanton misconduct of the defendants in their relation to the plaintiff as an individual. *Romana* v. *Boston Elevated Railway*, 218 Mass. 76.

The demurrer to the second count was rightly sustained. It omits the allegation "that the plaintiff was ignorant of the presence or the nature or character of said explosive;" alleges that

the plaintiff was twelve years old, that he was in the employ of the defendants, that the defendants stored dynamite or other explosives in a shed in violation of law, that it was the duty of the plaintiff "to go in and out of said shed," that as a result of defendants' violation of law the plaintiff picked up from the floor a piece of said explosive which looked like a tool and thinking it was a tool which needed polishing up he put it to a grindstone with the result that an explosion followed and caused certain injuries. What was said in reference to the scope of the employment of the plaintiff and the duty of the defendants while speaking to the first count need not be repeated. The question of difference between the two counts springs from the allegation in the second count that the defendants stored the explosive in violation of law. The violation of law being admitted as a fact by the demurrer, the crucial question is whether the negligence of the defendants in this regard (of which their violation of law was evidence) was the direct and proximate cause of the harm which came to the plaintiff; or whether the negligent act was innocuous without the intervening act of the plaintiff which was the immediate cause of the injury complained of. The act of the plaintiff is admitted and there is no allegation that in the ordinary course of events the defendants should have foreseen that the plaintiff, outside the performance of any duty to the defendants, springing from the terms of his employment, would do the thing which he did do. We are of opinion the chain of causation was broken by the action of the plaintiff. *Horan* v. *Watertown,* 217 Mass. 185. *McGuiness* v. *Butler,* 159 Mass. 233, 236.

*Judgment affirmed.*