AMATIO LIONE vs. THE HUDSON CHESTER GRANITE
COMPANY.

VINCENZO LIONE vs. SAME.

Hampden.    October 19, 1925. — October 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* In use of explosives.

An action of tort cannot be maintained against a corporation for personal
injuries resulting to a child from the exploding of a "metal object"
or "cap" which in his play the child found in a box kept by a second
corporation for its waste paper on its land, separate and distinct and
one hundred and fifty feet distant from the defendant's property, with
which the defendant "had nothing to do," although at the trial of the
action there was evidence that a clerk in the defendant's employ oc-
casionally emptied an office waste basket into the box and that the
defendant used in its quarry in another town caps such as the one
which exploded.

TWO ACTIONS OF TORT, the first action being for personal
injuries, and the second being by the father of the plaintiff
in the first for consequential damages.    Writs dated Septem-
ber 28, 1921.

In the Superior Court, the actions were tried together
before *Whiting,* J.    Material evidence is described in the
opinion.    At the close of the evidence, by order of the judge,
verdicts were entered for the defendant.    The plaintiffs
alleged exceptions.

The cases were submitted on briefs.

*P. L. Keenan,* for the plaintiffs.

*W. P. Hayes, H. A. Moran, & A. B. Clark,* for the de-
fendant.

BY THE COURT.    The evidence tended to show that the
minor plaintiff was injured by the explosion of a "metal
object" or "cap" which he took from a wooden waste paper
box.    This box was on land in the town of Chester leased to
a corporation separate and distinct from the defendant.
The waste paper was used by that corporation in its business

of polishing granite. The minor plaintiff, going to this box to look at picture papers, found five "metal objects" or "caps" and took them away. The defendant occupied for its own use one half of the office building and one half of the barn on the premises otherwise leased to the other corporation. The waste paper box was located at about one hundred and fifty feet from the nearest point of property occupied by the defendant, and the defendant "had nothing to do with this box." The evidence wholly fails to show any negligence on the part of the defendant. The circumstance that a clerk in its employ occasionally emptied an office waste paper basket into the box falls far short of showing that it deposited "metal objects" or "caps" in it or that it had any responsibility for them. Its use of such objects in its quarry in the town of Becket does not connect it in any degree with the presence of those taken by the minor plaintiff from the box. *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345. *Gardner* v. *New York, New Haven & Hartford Railroad,* 228 Mass. 545. *Andrew Dutton Co.* v. *Boston,* 234 Mass. 54. *King* v. *Smart,* 240 Mass. 174. *Hafey* v. *Dwight Manuf. Co.* 240 Mass. 155.

In each case let the entry be

*Exceptions overruled.*