ARTHUR F. RAY, administrator, *vs.* THE WESTERN UNION
TELEGRAPH COMPANY.

Suffolk.    November 19, 1926. — January 15, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Employer's liability: duty to warn.    *Telegraph Company.*

At the trial of an action by the administrator of the estate of a boy fifteen
years of age against his employer, a telegraph company, which was not
a subscriber under the workmen's compensation act, for causing the
death of the boy through negligence, it appeared that under orders by
his superior the boy had taken a message to a railroad station for
delivery to a passenger on a train, had boarded the train, and, when
the train started, had jumped from it and had been run over by a train
on an adjoining track, and that he had received no instructions from his
superiors as to the way in which telegrams addressed to passengers on
trains were to be delivered.  A verdict for the defendant was ordered.
*Held,* that there was no evidence warranting a finding that the de-
fendant or its servants or agents were negligent, and that the verdict
properly was ordered.

TORT, under the employer's liability act, by the adminis-
trator of the estate of Daniel Toomey, against his employer
for causing his death through negligence on May 16, 1914.
Writ dated September 21, 1914.

In the Superior Court, the action was tried before
*Thayer,* J.   Material evidence is described in the opinion.
At the close of the evidence, the judge ordered a verdict for
the defendant and reported the action to this court for
determination.

*A. J. Santry,* for the plaintiff.

*A. P. Hardy,* for the defendant.

CROSBY, J.   This is an action of tort to recover damages
for the death of the plaintiff's intestate, Daniel Toomey,
who, at the time of his death, was fifteen years of age and a
messenger boy in the employ of the defendant.  The case
is before us on a report by a judge of the Superior Court.
It is agreed that when the accident occurred the defendant
was an employer within the meaning of the workmen's

compensation act (St. 1911, c. 751, and amendments thereto) and that it was not insured in accordance with the provisions of the act.

It is stated in the report that on May 16, 1914, the intestate, who had been in the defendant's employ for about three months at one of its offices in Boston, was given a telegram to deliver by one Barrett, an employee of the defendant in charge of sending out messenger boys in answer to calls and of "checking" telegrams which were sent out for delivery. One Katharine McCarthy was the manager and person in control of the office. The telegram given to Toomey was addressed to "Mr. Cecil Hodgman, passenger on the one o'clock train for New York, Back Bay station." The train referred to in the telegram was the Knickerbocker Express, a special limited train operated by the New York, New Haven and Hartford Railroad Company between Boston and New York. It stopped at the Back Bay station only long enough to take on passengers and baggage, which usually required two minutes; its next stop was Providence, Rhode Island. Toomey arrived at the station and boarded the train in search of the passenger to deliver the telegram, but before he delivered it the train started and acquired speed quickly. Toomey rushed to the vestibule of the car, went down the steps and jumped; at that time the train was about eight hundred feet from the station. He struck on the roadbed of an adjoining track, about twenty feet in front of a train backing out, and, before that train could be stopped it passed over him causing injuries from which he soon after died without conscious suffering.

It also appeared that while the train was in motion Toomey came quickly behind the porter of the car and said, "Let me off." The porter who was then in the act of closing the door covering the steps, said, "You cannot get off here." Toomey pushed the porter's hand aside and said, "Yes, I can," and went down the steps and jumped. It is further recited in the record that "When the telegram was delivered by Barrett to Toomey, the latter was given no instructions as to the manner in which it was to be delivered, and was told nothing about the train on which the person to whom

the telegram was addressed was supposed to be riding. Toomey had never been advised by the said Barrett nor the said McCarthy, nor by the defendant nor any one acting in its behalf as to the manner in which telegrams addressed to passengers on trains were to be delivered."

As the defendant was not insured under the workmen's compensation act, the only defence open to it is that there was no evidence of its negligence. *Pope* v. *Heywood Brothers & Wakefield Co.* 221 Mass. 143. *Gayton* v. *Borsofsky,* 230 Mass. 369, 370. *Gerry* v. *Worcester Consolidated Street Railway,* 248 Mass. 559, 564. It is the contention of the plaintiff that there was evidence for the jury of negligence because of the failure of the defendant to instruct the plaintiff's intestate as to how the telegram should be delivered, and to warn him of the dangers incident to its delivery.

To warrant a finding of negligence, it must appear that the negligence of the defendant had a causal connection with the injury to the intestate from which death resulted. *McGonigle* v. *O'Neill,* 240 Mass. 262, 263. It was not negligence for the defendant to send Toomey to the train to deliver the telegram, nor was it negligence for the defendant to fail to warn him not to board the train. His act in so doing caused him no injury. His death was due to jumping from the train when it was in motion. It was not evidence of negligence that the defendant failed to warn him of such a dangerous act. It was a danger so obvious, not only to persons of mature age, but to a boy of the age of the intestate, that he must have known that it was an act of great peril. The defendant cannot be charged with knowledge that the boy might leap from the train while it was in motion, and therefore should have warned him of the risk of injury by so doing. An employer is under no duty to warn of dangers open and obvious to the ordinary inspection of an employee when there is no reason to suppose that there is any need of such warning. *Whalen* v. *Rosnosky,* 195 Mass. 545. *Cote* v. *D. W. Pingree Co.* 205 Mass. 286. *Cullity* v. *Johnson,* 235 Mass. 137. *King* v. *Smart,* 240 Mass. 174.

There was nothing to show that the deceased was not of

average intelligence. It is common knowledge that to alight from a fast moving train may be accompanied by serious bodily injury or death; ordinary experience has stamped it as a dangerous act known to a boy of average intelligence, fifteen years of age.

The case has been ably argued by counsel for the plaintiff, but we are constrained to hold upon the facts presented by the record that there was no evidence of negligence of the defendant.

In accordance with the terms of the report the entry must be

*Judgment for defendant on the verdict.*