Wilson, J.
This is an action of tort wherein the plaintiff seeks to recover damages for injuries resulting from negligence of the defendants while the plaintiff was in their employ in their automobile repair shop. The answer of the defendants was a general denial and contributory negligence, and that the plaintiff at the time was not acting within the scope of his employment.
The trial court made certain findings of fact and rulings of law which, so far as material here, were as follows:
The plaintiff, who was seventeen years old, was employed by the defendants to polish and dust cars, keep floors clean, go on errands, change number plates, and in general do as he was told. He was not hired as a mechanic and was not expected to do repair work.
On the second day of the plaintiff’s employment, the plaintiff was injured while helping a mechanic, employed by the defendants, who was at the time engaged in making repairs on one of the defendants’ automobiles. This *277 mechanic had raised the rear of the automobile in question on a jack and was employed in repairing the engine. It became necessary in his work to “turn the engine over” so as to bring certain parts upon which he was working in proper adjustment. He asked one of the defendants for a crank to do this. This defendant replied, “Get the kid to turn the wheel,” meaning the plaintiff. Instead of using a crank upon the flywheel of the engine, the same result could be accomplished by revolving one of the rear wheels of the automobile with the hands. The plaintiff, at the direction of the mechanic, started to revolve the right rear wheel, the mechanic then being under the automobile. It went “hard at first and then easy,” and the automobile came off the jack and onto the floor. When it did so, the plaintiff’s thumb was caught and injured. The defendants were not insured under the Workmen’s Compensation Act.
The defendants filed four requests for rulings of which the trial judge gave numbers 1 and 2 and denied 3 and 4 as not applicable to the facts. At the argument before us the defendants waived any claim of error arising from the disposition of the third ruling and relied solely upon the fourth, which is as follows:
“4. That the turning of the wheel of an automobile by which the employee or plaintiff was injured is so simple a nature that there was no duty to warn the employee of its consequences, as there were no hidden dangers.”
By refusing, as inapplicable, said request and by allowing the second request, it is clear that the trial judge had in mind the duty of the employer to warn the employee of hidden dangers, Dooley vs. Sullivan, 218 Mass. 597, 599, Ruddy v. Blake Mfg. Co., 205 Mass. 172, 181, and the absence of such duty where the danger was open and obvious. Ray v. Western Union Tel. Co., 258 Mass. 303, 305.
*278 The defendants have not raised by any appropriate request the sufficiency of the evidence.
The trial court may have rested his decision upon negligence of the employers in not furnishing a crank with which to turn the “engine over” in the usual way. He may have rested his decision upon the negligence of the defendants on the fellow servant in placing the jack. Either of those grounds would be sufficient to support his finding.
We must consider the evidence in its aspect most favorable to the plaintiff and all inferences in his favor which are warranted by the evidence are to be made. Shea v. American Hide & Leather Co., 221 Mass. 282, 283.
And the general and special findings of the trial judge are to stand if they can be supported upon any reasonable interpretation of the evidence. O’Toole v. Magoon, Mass. Adv. Sh. (1936) 1885, 1887. There the court said:
“It is not the function of this court in actions at law to pass upon the weight of the testimony even though reported in full. The question to be decided is whether, upon the evidence with all rational inferences of which it is susceptible, the findings can be sustained. The general finding is conclusive, if supported by any evidence, and imports the finding of all permissible subsidiary facts.”
And see cases there cited.
Nor was the plaintiff bound by his own testimony where as here there was other testimony. He was entitled to the benefit of all the credible testimony before the court. Paull v. Radlo, Mass. Adv. Sh. (1936) 537, 541; Title Guaranty & Surety Co. v. Fred T. Ley & Co. Inc., 238 Mass. 113, 120; Smith v. Import Drug Co., 253 Mass. 368.
The record before us discloses no prejudicial error and the report is dismissed.