ERNEST L. FELCH *vs.* GIACINTO D'AMICO.

Suffolk.    May 3, 1950. — June 30, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Construction work, Res ipsa loquitur, Pipe.

Application of the doctrine of res ipsa loquitur and a finding of negligence on the part of a contractor causing breaks in a soil pipe leading from a house to a sanitary sewer in a street were not warranted on evidence showing merely that, some months after the contractor installed a storm sewer in the street parallel to and near the sanitary sewer and above the soil pipe, the breaks in the soil pipe and drainage of sewage into the ground were disclosed, and that the contractor in doing his work had made no investigation to determine the location of the soil pipe and had found no evidence of sewage or seepage in the trench which he dug for the storm sewer.

TORT. Writ in the Superior Court dated April 7, 1947.

The action was tried before *Dowd,* J. A verdict for the plaintiff was recorded subject to leave reserved, and there-

---

[1] The plaintiffs' brief contained the following: ". . . the best evidence of such a custom would be, not the opinion testimony of any individual, but the publications themselves in the official journal published during the previous years during which it was claimed that this custom existed. No such 'best evidence' was offered . . .." — REPORTER.

after the judge ordered a verdict for the defendant entered. The plaintiff alleged exceptions.

In this court the case was submitted on briefs.

*J. J. Mahan & W. F. Huntley*, for the plaintiff.

*W. Endlar*, for the defendant.

WILLIAMS, J.   In this action of tort there was evidence that the plaintiff owned a house on Tuttle Street in Dorchester which was connected with the street sanitary sewer by a soil pipe.   Sometime in December, 1946, the sewage from the house "became sluggish" and about the middle of January, 1947, "backed up into . . . [the plaintiff's] kitchen sink . . . set tubs and cellar, causing damage." Investigation showed that there were two jagged breaks in the soil pipe at or near its junction with the sanitary sewer, and that sewage from the plaintiff's house was draining into the ground.   Early in 1946, the defendant had installed a storm sewer in Tuttle Street under a contract with the city of Boston.   The work was completed on March 23.   In the process of constructing this sewer a trench three feet wide and six feet deep was excavated by means of a steam shovel. The storm sewer when installed was about a foot or a foot and a half away from the sanitary sewer and parallel to it. The soil pipe passed under the storm sewer to the sanitary sewer and was about ten inches to one foot "deeper in the ground than the storm sewer."   A photograph, which was introduced in evidence, showed "the break in the soil pipe where it connected with the sanitary sewer."

The defendant testified that "he made no investigation to determine where the soil pipe leading from the plaintiff's house was," and that he found no evidence of sewage or seepage in the trench when he opened it or when he filled it in.

The plaintiff has excepted to the entering of a verdict for the defendant under leave reserved.   The record discloses no evidence as to the material of which the soil pipe was made, the length of time the pipe had been in the ground, the nature of the soil in which it was laid, and the means by which it was connected with the sanitary sewer.   While an

expert witness called by the plaintiff testified that "sewage from the plaintiff's house was draining into the ground and that it had acted like a dry well until it had reached the saturation point," he expressed no opinion as to the length of time the sewage had been escaping. The plaintiff relies on the rule res ipsa loquitur. This rule "merely permits the tribunal of fact, if it sees fit, in the absence of a finding of the specific cause of the occurrence . . . to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent . . . the tribunal of fact must be able to find, either by expert evidence . . . or by its own common knowledge . . . that the mere occurrence of the accident shows negligence as a cause." *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. We have here no expert opinion as to the cause of the breaks, and the common or ordinary knowledge possessed by a jury would not warrant them in finding that it was more probable that the breaks in the plaintiff's pipe occurred because of some act of the defendant rather than from some cause for which he was not responsible. A verdict in favor of the plaintiff necessarily would be based on speculation and conjecture. See *Craig* v. *Leominster,* 200 Mass. 101; *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345, 349; *Andrew Dutton Co.* v. *Boston,* 234 Mass. 54; *Moore* v. *Amesbury,* 268 Mass. 462, 466, and cases cited; *Brownhill* v. *Kivlin,* 317 Mass. 168, 170. Compare *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246; *Black* v. *Boston Consolidated Gas Co.* 325 Mass. 505, 508.

*Exceptions overruled.*