*Municipal Court of the City of Boston*

No. 318215

## HAROLD GOLDMAN

v.

## JOHNS-MANVILLE SALES CORPORATION

(October 26, 1953)

*Keniston, C. J.* This is an action of contract or tort to recover damages or expenses incurred by the failure of the defendant to perform certain repairs to the plaintiff's porch and roof in a workmanlike and satisfactory manner. Count 1 is in contract for breach of warranty and count 2 is in tort for negligently performing the work. The defendant's answer is a general denial with a plea of contributory negligence.

At the trial there was evidence which in its aspect most favorable to the plaintiff tended to show that the plaintiff was the owner of a Dutch Colonial brick veneer two-story house of 11 rooms, including

an office and waiting room of 3 rooms attached to the southeast side of the house, which office and waiting room had been constructed in a sun porch measuring about 20 by 14 feet. This sun porch was one story high, although the house proper was 2 stories. Two doors led from the second floor of the main house onto the roof of the sun porch and the roof was surrounded by a railing. These doors were on each side of a brick chimney which went up the wall of the main house adjacent to the sun porch roof. The chimney was not used for the heating system in the house. The sun porch roof was flat with a rubberoid covering.

During the month of January, 1949, the plaintiff hired the defendant to insulate the sun porch roof, which work the defendant did during that month under the terms of a written agreement, a copy of which was introduced as an exhibit and is attached to and made a part of the report. The portion of the contract which seems applicable to the question raised by the court appears as the first sentence of the last paragraph, viz:—

"(1) The company is hereby authorized to make all such openings as are necessary for the fulfillment of this agreement and will close all such openings in a neat and workmanlike manner."

In doing the work it was necessary for the defendant to remove a section of the roof covering about 12 feet long and 3 feet wide in order to blow rock wool into the roof space. The strip which was cut was replaced and cemented. After the first snow storm following this work the plaintiff noticed that snow melted rapidly on the section of the roof near the brick wall of the second story and in response to his complaint the defendant's men came to the premises, made two openings each about 3 feet out from each door leading onto the roof and inserted more insulation. This was done in March, 1949. Following this the snow still melted as described above.

A few days before October 5, 1949, the plaintiff notified the defendant that a leak had appeared in the ceiling of his waiting room beneath the location of one of the doors leading onto the roof. A representative of the defendant came to the house on October 9, 1949, and pointed out a break in the metal flashing beneath the door as the probable cause of the leak. He also found signs of a leak in the ceiling of the second floor bedroom adjacent to the roof. The defendant made no repairs on this occasion. The leak in the ceiling of the waiting room damaged the ceiling and certain furniture to the extent of the amount found by the court as damages.

In 1951 the plaintiff hired a roofing contractor to remedy the leak which the contractor did. The plaintiff testified that the contractor put a new layer of covering on the roof but whether he did any other work or not the plaintiff was unable to say. The plaintiff testified that the leak in October, 1949, occurred after the first snow storm of that year and he could not say whether or not any rain had fallen from the time the defendant last worked on the roof up to the time of discovery of the leak.

The defendant seasonably filed the following two requests:

(1) The evidence does not warrant a finding that the defendant was negligent.

(2) The evidence does not warrant a finding that the defendant breached any warranty owed by it to the plaintiff.

The court granted request #1 and denied request #2 and found for the plaintiff.

The defendant claims to be aggrieved by the denial of the second request. The evidence as set forth in this opinion is nearly verbatim as it appears in the report.

We feel that the trial judge should have granted the defendant's second request. There is in our opinion insufficient evidence to support a finding of a breach of warranty that the work was not properly done or that the defendant failed to patch the roof

in a neat and workmanlike manner. The evidence is only to the effect that the openings in the roof were made in January, 1949, and in March, 1949, and that a leak appeared in October, 7 months later, at a point 3 feet away from one of the March openings. It does not appear from the report where the openings in January were located. The openings in March, 1949, were at a location three feet out from the two doors which led onto the roof. There is no evidence that any opening was not closed in a neat and workmanlike manner. The leak may have come from some other place in the roof. There is no evidence as to the age and condition of the roof at the time the openings were made. It does not even appear that the roof did not leak before the work was performed. It does appear that two years later a new layer of covering was put on the roof. The leak may have come from the general poor condition of the roof, or from some other cause as well as from the work which the defendant performed. The cause of the leak is left to speculation and conjecture. *Felch v. D'Amico,* 326 Mass. 196; *Bigwood v. Boston & Northern St. Ry. Co.,* 209 Mass. 345; *Browhill v. Kivlin,* 317 Mass. 168; *Walker v. Benz Kid Co.,* 279 Mass. 533; *Andrew Dutton Co. v. Boston,* 234 Mass. 54; *Moore v. Amesbury,* 268 Mass. 462, 466; *O'Keefe v. William J. Barry Co.,* 311 Mass. 517.

The following entries are to be made:

> *Finding for plaintiff vacated.*
> *Judgment for defendant.*

Viola and Singer, for the plaintiff.

Badger, Pratt, Doyle & Badger, for the defendant.