CHRISTAN LANZA vs. EQR-LINCOLN LAWRENCE, LLC,
& others.[1]

No. 06-P-394.

Norfolk. December 7, 2006. - May 31, 2007.

Present: Perretta, Laurence, & Grainger, JJ.[2]

*Negligence,* Duty to warn, Open and obvious danger.

In an action brought by the plaintiff, who was injured when he attempted to
    move the top panel of sheetrock from a vertical stack of seven in the
    course of delivering household appliances to an apartment building under
    construction, the trial judge did not err in granting summary judgment in
    favor of the defendants (the owner of the apartment building, the company
    under contract to supply and install the sheetrock, and the company for
    whom the plaintiff was delivering the appliances), where none of the
    defendants had a duty to warn the plaintiff of an open and obvious danger,
    and where none of the defendants could have reasonably foreseen that the
    plaintiff would disturb the sheetrock. [209-211]

CIVIL ACTION commenced in the Superior Court Department on
December 31, 2001.

The case was heard by *Charles M. Grabau,* J., on motions
for summary judgment, and entry of separate and final judg-
ment was ordered by *John P. Connor, Jr.,* J.

*Timothy F. Duffy* for the plaintiff.

*Robert P. Snell* for EQR-Lincoln Lawrence, LLC.

*James T. Scamby* for ERX Logistics, LLC.

*Beth R. Levenson* for Allstate Interiors, Inc.

PERRETTA, J. Christan Lanza brought an action in negligence
against EQR-Lincoln Lawrence, LLC (EQR), for injuries he
sustained in the course of delivering household appliances to an

---

[1]Allstate Interiors, Inc., and ERX Logistics, LLC.

[2]Justice Laurence *participated in the deliberation on this case before his*
retirement.

apartment building under construction and owned by EQR when he attempted to move one panel of a stack of sheetrock propped against a wall. EQR then impleaded Allstate Interiors, Inc. (Allstate), the company under contract to supply and install the sheetrock, and ERX Logistics, LLC (ERX), the company for whom Lanza was delivering the appliances. Lanza then amended his complaint to add negligence claims against ERX and Allstate. Concluding on the undisputed material facts that none of the defendants had a duty to warn Lanza of an open and obvious danger, and that none of them could have reasonably foreseen that Lanza would disturb the sheetrock, a judge granted summary judgment to each of them. Agreeing with the judge's analysis, we affirm the judgment.[3]

1. *The undisputed facts.* We recite the undisputed material facts in the light most favorable to Lanza, see *Foster* v. *Group Health Inc.*, 444 Mass. 668, 672 (2005), for purposes of determining whether each defendant demonstrated that it was entitled to summary judgment on the basis that Lanza had no reasonable expectation of proving an essential element of his case against it. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

Lanza, an employee of a temporary employment agency, had been dispatched to ERX for purposes of delivering household appliances. ERX in turn assigned Lanza to assist one of its employees, Harry Allen, in uncrating appliances and accompanying him in a delivery truck to various locations. On the day that Lanza was injured as well as prior thereto, Allen told Lanza that he "didn't like" making deliveries to the EQR site, that he was of the opinion that the site was not "ready for [deliveries]," and that because the apartment units were neither occupied nor ready for occupancy, there was no reason why the deliveries could not be deferred until such time as it might become easier to get around the construction site. On July 27, 1999, Allen nonetheless proceeded with Lanza to the EQR site because the delivery was limited to a few light items.

---

[3]Because cross claims filed by ERX and Allstate against one another as well as Allstate's cross claim against EQR remain pending, the judgment in favor of the defendants on Lanza's complaint against them was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

At the doorway to one apartment unit within the building at the EQR site, Lanza encountered a stack of seven sheetrock panels leaning "lightly" against the exterior wall of the unit and protruding one or two inches into the doorway of the unit. Each sheetrock panel was approximately four feet wide, eight feet long, and three-quarters of an inch thick. Unable to proceed through the doorway and into the unit with the appliances, Lanza attempted to slide the top panel of sheetrock away from the doorway. In so doing, he destabilized the remaining panels and the entire stack started to tip toward him. Lanza's struggle to push the falling panels back against the wall was of no avail. The falling stack knocked him to the floor and landed on his legs. Allen responded to Lanza's cries for help and was able to lift the sheetrock high enough so that Lanza was able to pull his legs from beneath the panels of sheetrock. As a consequence of the collapse of the panels upon him, Lanza suffered a broken right ankle and foot, requiring him to undergo surgery and the insertion of two screws into his anklebone.

2. *The applicable legal principles.* The legal principles applicable to the undisputed material facts are summarized in *Costa* v. *Boston Red Sox Baseball Club*, 61 Mass. App. Ct. 299, 302-303 (2004):

> "Although an owner or possessor of land owes to all persons lawfully on the premises a common-law duty of reasonable care to maintain the property in a reasonably safe condition and 'to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware,' *O'Sullivan* v. *Shaw*, 431 Mass. 201, 204 (2000), quoting from *Davis* v. *Westwood Group*, [420 Mass. 739, 743 (1995)], the duty to warn does not extend to dangers that would be obvious to persons of average intelligence. *O'Sullivan* v. *Shaw*, *supra*. '[W]here a danger would be obvious to a person of ordinary perception and judgment, a landowner may reasonably assume that a visitor has knowledge of it and, therefore, "any further warning would be an empty form" that would not reduce the likelihood of resulting harm.' *Ibid.*, quoting from *LeBlanc* v. *Atlantic Bldg. & Supply Co.*, 323 Mass. 702, 705 (1949).

See *Greenslade* v. *Mohawk Park, Inc.*, 59 Mass. App. Ct. 850, 853-854 (2003)."[4]

Further, an objective standard is to be employed in determining whether a particular danger is "open and obvious," that is to say, would a person of average intelligence appreciate the danger presented. See *O'Sullivan* v. *Shaw*, 431 Mass. at 209; *Barnett* v. *Lynn*, 433 Mass. 662, 666-667 (2001).

3. *Discussion.* We consider Lanza's claims in respect to each defendant against the backdrop of the controlling principles of law as applied to the undisputed material facts.

a. *EQR.* The grant of summary judgment to EQR, the owner of the building under construction, was based upon the judge's conclusion that EQR had no duty to warn Lanza of the danger of a single-handed attempt to move a 4' x 8' sheetrock panel from a stack of seven vertically propped against a wall because such a danger would be obvious to a person of ordinary perception and intelligence. Lanza's sole contention on appeal is that the judge's ruling was erroneously based upon a determination that Lanza attempted to move the entire stack of seven sheetrock panels rather than the top one only.

In his memorandum of decision, the judge clearly states that Lanza attempted to move the top sheet of the building materials. The judge's analysis then proceeds on the basis of the unremarkable and obvious proposition that the movement of the top panel of sheetrock from a vertical stack of seven could disrupt the equilibrium of the lot. Lanza makes no argument to the contrary against the judge's conclusion as correctly recited.

b. *ERX.* Lanza's argument against the grant of summary judgment to ERX, the company to whom his employer had assigned him, is that ERX negligently failed to instruct him to refrain from proceeding with a delivery "if circumstances prevented it." He argues that without the ability to refuse delivery, it was

---

[4]For examples of dangers sufficiently obvious as not to impose a duty to warn, see *Toubiana* v. *Priestly*, 402 Mass. 84, 88-89 (1988) (transporting lumber with end of board extending through gap in elevator ceiling); *Thorson* v. *Mandell*, 402 Mass. 744, 749 (1988) (performing backflip on hard wood floor); *O'Sullivan* v. *Shaw*, 431 Mass. at 207 (diving headfirst into shallow end of pool); *Greenslade* v. *Mohawk Park, Inc.*, 59 Mass. App. Ct. at 853-854 (using rope swing extending over river); *Costa* v. *Boston Red Sox Baseball Club*, 61 Mass. App. Ct. at 303 (being hit by foul ball while attending baseball game).

reasonably foreseeable that "an exuberant . . . young man, seeking to comply with his employer's request, would . . . do what Lanza did."[5]

We recognize that ERX had a duty to exercise reasonable care to avoid physical harm to Lanza if that risk was recognizable or foreseeable by it. See *Jupin* v. *Kask*, 447 Mass. 141, 147 (2006), and cases and authorities therein cited. However, "[a]n employer is under no duty to warn of dangers open and obvious to the ordinary inspection of an employee when there is no reason to suppose that there is any need of such warning." *Ray* v. *Western Union Tel. Co.*, 258 Mass. 303, 305 (1927). In *Ray*, the court held that a telegraph company could not be charged with knowledge that its employee might leap from a moving train after delivering a telegram to a passenger. See *Murphy* v. *Furness-Withy & Co., Ltd.*, 259 Mass. 394, 396 (1927) (no liability where stevedore fell from ladder with greasy rungs, a condition that could have been known by stevedore upon use of eyes and judgment).

Application of the controlling principles of law to the undisputed materials before the judge leads us to conclude that he did not err in ruling that it was not reasonably foreseeable to ERX that Lanza would perform his duties in such a manner as to expose himself to the open and obvious risk of physical harm by meddling with the sheetrock.

c. *Allstate.* In granting summary judgment to Allstate, the sheetrock supplier and installer, the judge appears to have concluded that Lanza would be unable to show that Allstate proximately caused his injuries. See *Whittaker* v. *Saraceno*, 418 Mass. 196, 198-199 (1994) (foreseeability of harm relevant to determination whether duty of care exists and whether negligent conduct is proximate cause of injury).

---

[5]Lanza points to nothing in the record to show or to allow for an inference that ERX expected or required that he take unreasonable risks or otherwise expose himself to danger. To the extent Lanza believed he was so required, there is nothing in the record to show that his belief was based on any word or conduct attributable to ERX. Rather, and as explained by Lanza, there was a general "sentiment" among the ERX drivers that they should "get the packages in to keep the customer happy." Lanza acknowledged that he was never told that he needed to make a delivery regardless of the conditions encountered.

Lanza has failed to address the issues of foreseeability and proximate cause in his brief. His argument as to Allstate amounts to little more than a bare assertion that Allstate owed him a duty to perform its work in such a manner as to ensure safe entry to the apartment units and that Allstate breached this duty by "stacking . . . the material parallel to the wall and impeding [access to the unit]." He fails to cite a single authority in support of his claim regarding the existence and scope of the duty of care Allstate allegedly owed to him. Nor does he cite to anything in the record before us to refute Allstate's contention that the record is devoid of anything to show who delivered the sheetrock, when it was delivered, whether it was thereafter moved, and who placed it against the wall. In short, Lanza's assertions concerning Allstate's liability fail to rise to the level of acceptable appellate advocacy, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and we do not consider them.

Even were we to reach Lanza's argument in respect to Allstate, our conclusion would be no different. As an initial matter, Lanza has failed to show that any duty of care owed by Allstate to perform its work in a reasonably safe manner or to maintain the work site in a reasonably safe condition was so broad as to require warnings or additional affirmative measures to prevent someone such as Lanza from meddling with the sheetrock. See *Drake* v. *Boston Safe Deposit & Trust Co.*, 307 Mass. 399, 403 (1940) ("[w]here a condition is obvious to an ordinarily intelligent person there is no duty on the part of any one to warn of that condition"); *Currie* v. *Lee Equip. Corp.*, 362 Mass. 765, 769 (1973) ("no duty to warn unless the person on whom the duty would be cast has some reason to suppose that a warning is needed").

*Judgment affirmed.*